[Criminal No. 328. Filed December 1, 1913.]

[136 Pac. 628.]

## ED BRANCH, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—JUSTICE OF THE PEACE—TERRITORIAL JURISDICTION.— Civil Code of 1901, paragraph 2046, provides that justices shall have jurisdiction over all criminal cases other than felonies when the punishment is a fine not exceeding $300 or imprisonment in the county jail not exceeding six months, or both. Penal Code of 1901, section 708, declares that, except as otherwise provided by law, every offense shall be tried in the county in which it is committed, subject to the right to change the place of trial. Constitution, article 2, section 24, gives the accused the right to a speedy trial by a jury of the county in which the offense is alleged to have been committed, and Penal Code of 1901, section 1187, provides that in case of bias of a justice of the peace or prejudice of the citizens of the precinct the case may be transferred to another justice in the same or ad-

joining precinct, or a precinct where prejudice of the citizens does not exist. *Held,* that the territorial jurisdiction of a justice of the peace is not limited in criminal matters to the precinct in which he is elected, but extends throughout the county.

2. CRIMINAL LAW—COURTS—JURISDICTION.—Where accused was arrested pursuant to a warrant issued on a certain complaint brought before a justice of the peace, and was present at his trial and conviction, the justice had jurisdiction of his person, and the superior court acquired jurisdiction on appeal.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Affirmed.

The facts are stated in the opinion.

Mr. A. C. Baker and Messrs. Stratton & Lynch, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

FRANKLIN, C. J.—The territorial extent of the jurisdiction of a justice of the peace in a criminal cause is the matter debated on this appeal.

The defendant was charged with the offense of violating the state local option law by selling intoxicating liquor within the boundaries of a prohibition district. The offense was committed in precinct No. 1 of Graham county. The complaint was made before a justice of the peace of precinct No. 17 of Graham county, which justice issued the warrant of arrest, and, the defendant being brought before said justice in precinct No. 17, a trial was had, resulting in his conviction. The defendant took an appeal to the superior court of Graham county, and there moved to dismiss the action for want of jurisdiction, both of the subject matter (the offense) and of the person of the defendant. The motion being denied, a new trial was had in the superior court, again resulting in a conviction of the defendant. It is urged in support of the motion to dismiss that in the trial of criminal actions the jurisdiction of a justice of the peace is limited to those offenses which are committed within the boundaries of his precinct. Putting it in this wise, the contention is that a justice of the

peace has no jurisdiction to try one charged with crime, though committed within the county, unless the same was committed within his particular precinct of that county, this latter requirement being of the essence of such jurisdiction. It is true that a justice of the peace is a precinct officer, and that such officer is elected for a particular precinct of the county, but it does not follow that the method of filling the office makes any difference in the powers and extent of the jurisdiction of the officer.

The powers, duties, and jurisdiction of justices of the peace are such as the law provides. To ascertain what are such powers and jurisdiction, much labor is lost in an effort to seek a solution of the question in the adjudications of other states, as the provisions of the law are almost as varied in their phraseology and effect as the different jurisdictions wherein the matter arises for determination. The laws of Arizona governing the case at bar provide that ''justices of the peace shall have such jurisdiction only as may be affirmatively conferred on them by law.'' Par. 2046, Ariz. Rev. Stats. 1901. ''They shall also have jurisdiction over all criminal cases, other than felonies, where the punishment is a fine not exceeding three hundred dollars, or imprisonment in the county jail not exceeding six months, or both.'' Par. 2048, Ariz. Rev. Stats. 1901. ''Except as may be otherwise provided by law every offense committed against the laws of this state shall be tried in the county in which the offense is committed, subject to the right to change the place of trial as provided in this code.'' Sec. 708, Ariz. Pen. Code 1901. In criminal trials the accused shall have the right to ''a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.'' Sec. 24, art. 2, Constitution of Arizona. ''If the action or proceeding is in a justice's court, a change of the place of trial may be had at any time before the trial commences: (1) When it appears from the affidavit of the defendant that he has reason to believe, and does believe, that he cannot have a fair and impartial trial before the justice about to try the case, by reason of the prejudice or bias of such justice, the cause may be transferred to another justice of the same or an adjoining precinct. (2) When it appears from affidavits that the defendant cannot have a fair and impartial trial, by reason of

the prejudice of the citizens of the precinct, the cause must be transferred to a justice of a precinct where the same prejudice does not exist.'' Sec. 1187, Ariz. Pen. Code 1901.

From the foregoing provisions it quite clearly appears that the law does affirmatively confer upon justices of the peace jurisdiction over certain grades of offense which include the offense with which the appellant was charged. It is equally apparent that all such offenses shall be tried in the county in which the offense is committed, subject only to the right of the defendant to have the place of trial changed as provided by the statute.

If, as contended by the appellant, a justice of the peace has no jurisdiction to try, within his precinct, a person charged with the commission of an offense committed within the county, but not within his precinct, then a justice of the peace has no jurisdiction whatever to try a person charged with crime, because nowhere in the law is a justice of the peace affirmatively given jurisdiction over offenses committed within his particular precinct. The courts of justices of the peace are a part of the judiciary system of this state. Their duties are varied and their jurisdiction is somewhat extensive, and the process and judgments of such courts are entitled to the same respect, to the extent of their jurisdiction, as other judicial tribunals. Within the limitations of the Constitution it is confided to the legislative branch of the government to fix the powers and duties of justices of the peace, which may either enlarge or circumscribe the jurisdiction of such officers to the extent indicated. No legislative act relating to justices of the peace, conferring, defining, or limiting their powers and duties, has limited their jurisdiction to try and determine only such criminal offenses as shall be committed in the particular precinct for which each is elected. On the other hand, the law does affirmatively vest them with jurisdiction over certain offenses, the only limitation being that every such offense shall be tried in the county in which the offense is committed, subject only to change the place of trial as provided in the law. Until there be some special statutory provision which expressly limits the exercise of such jurisdiction to the particular precinct wherein the offense was committed, the jurisdiction thus conferred must be sustained, and this court must hold that a person charged 'with any such

offense committed within the county may be tried in a pre-
cinct of the county other than the particular precinct within
the boundaries of which the offense was committed, subject,
of course, to a change of the place of trial as provided in the
code.

That the court had jurisdiction of the defendant is evident.
He was arrested pursuant to a warrant issued on a sworn
complaint, brought before the justice, and was present at his
trial and conviction both in the justice and superior courts.

We have examined the authorities cited by appellant.   In
*Brown* v. *State,* 55 Tex. Cr. 572, 118 S. W. 139, the point
decided was that a justice of the peace has no authority as
such to act out of his precinct, and in the precinct of another
justice of the peace.

So, too, in *Hart* v. *State,* 15 Tex. App. 202, 49 Am. Rep.
188, the point involved was the power of a justice of the
peace of one precinct acting as such in another precinct.   The
court drew a distinction between the functions and powers
of such officer when acting as a justice of the peace and when
acting as a committing magistrate.   In the case before the
court the officer was not acting as a justice of the peace, but
as a magistrate.   The court says: "When sitting as an 'ex-
amining court,' the law nowhere limits the magistrate, if he
be a justice, to his particular precinct; and, not being limited
in this regard, there is no reason why it was not intended
that he should hold the court in any portion of the county
most convenient to the purpose of the examination as to the
commitment or discharge of the accused (Code Crim. Proc.,
c. 3) whether the place of the sitting be in the precinct of
another justice, competent and qualified to act, or not."

The question before the court in *Moss* v. *State,* 47 Tex. Cr.
459, 11 Ann. Cas. 710, 83 S. W. 829, concerns the jurisdiction
of a corporation court.   By the statute the jurisdiction of
this corporation court was limited to those cases arising within
the territorial limits of the city wherein the corporation court
exists.   On appeal, and we think properly, it was held that
the act of the legislature having excluded all jurisdiction
from the corporation court in criminal cases, except those of
a certain class arising within its territorial limits, it could
have no jurisdiction beyond its territorial limits.   And in
*State* v. *Sexton,* 141 Mo. App. 694, 125 S. W. 519, the statute

is recited as follows: "Provided that, all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed." Construing this statute, it is said: "It is a general rule that, inasmuch as the justice of the peace has only such jurisdiction as the statute confers upon him, the facts giving such jurisdiction must affirmatively appear on the face of the proceedings. . . . It must also be conceded by this court that the legislature has the undoubted right, in reference to statutory misdemeanors, to say in what particular jurisdiction they shall be tried, and to make that jurisdiction exclusive of all others." *State ex rel.* v. *Brayman,* 35 Kan. 714, 12 Pac. 111, was a civil action. In that case the court stated: "There are restrictions not only upon the class and subject matter of civil actions that may be brought before justices of the peace, but also upon the territorial extent of his jurisdiction. It is provided that: 'The jurisdiction of justices of the peace in civil actions shall be coextensive with the county wherein they may have been elected, and wherein they shall reside.' Justice's Code, sec. 1. Being thus limited to his own county, he cannot send a summons to another county, and thus acquire jurisdiction of persons who are beyond the limits of the county where the court is held."

It is obvious that these cases give not a twinkle of light upon the path before us, other than the pronouncement of a general rule—which in this state is a statutory provision and cannot be disputed—that a justice of the peace has only such jurisdiction as the law confers upon him.

Where the wording of a statute is ambiguous and uncertain and requires interpretation, or where the statute is in apparent conflict with another statute and requires construction, cases from other jurisdictions construing a like statute or interpreting its words are persuasive and helpful. If the Arizona statute provided, as those statutes recited from other states provide, that all criminal prosecutions before justices of the peace shall be limited to those cases arising within the territorial limits wherein the court exists, such language would hardly require interpretation; the language of the statute itself would express the meaning as clearly and convincingly as any authority reciting the statute could possibly express it. The Arizona statute does clearly vest jurisdiction of

the offense. It plainly states where such offense shall be tried and determined, without any restriction or limitation, except the right to change the place of trial, and the manner of exercising this right is clearly defined. The language of the statute vesting such jurisdiction and fixing the territorial limits for its exercise is in no sense obscure, the very language of the statute interprets the meaning of the statute. There is no conflict in these provisions of the statute with any other, and therefore no room for construction.

We are of opinion that the justice court did have jurisdiction, and that the superior court did acquire jurisdiction on the appeal, and, finding no error, the judgment is affirmed.

ROSS, J., concurs.

CUNNINGHAM, J., Dissenting.—I am of opinion that this court has no jurisdiction to affirm the judgment in this cause here on appeal, for the reason no appeal is permitted "from a judgment of the district (superior) court rendered in a case appealed from a justice, police or recorder's court." Par. 1067, Ariz. Pen. Code 1901; *Hall* v. *Territory*, 8 Ariz. 409, 76 Pac. 476; *Territory* v. *Moore*, 9 Ariz. 122, 80 Pac. 316. Such was the law at the date of the rendition of the judgment, and so the law remains, with slight exceptions, since the amendments thereto became effective October 1, 1913. Section 1139, S. B. 108, an act entitled "An act to provide for the review of judgments and orders of the superior courts of the state of Arizona, and the practice and procedure in the supreme court upon such review." (Ariz. Pen. Code 1913, sec. 1156.) This case is not within any of the exceptions mentioned in said statute.

In order that this court may affirm a judgment before it on appeal, jurisdiction of the subject matter must have been acquired through the appeal. No appeal is allowed from such a judgment of the superior court, as the record in this case presents; therefore no jurisdiction of the subject matter of the appeal was acquired by this court. This court only acquired jurisdiction to dismiss the appeal. *Thomas* v. *Speese*, 14 Ariz. 556, 132 Pac. 1137.

The power of this court to affirm a judgment of a lower court depends upon whether the court has acquired judisdic-

tion of the cause through an appeal. The power to dismiss a cause filed in this court depends upon the inherent power of the court to control its records and files. The ultimate effect upon the judgment of the lower court may be, and frequently is, the same whether the judgment is affirmed or the appeal dismissed; yet this court is required to exercise its powers within the requirements of the law, although some other course may have the effect to produce the same results.

Whether the law as it existed prior to October 1, 1913, permitted a justice of the peace of precinct No. 17 to try and punish one charged with the commission of a misdemeanor in precinct No. 1 of the same county, in which precinct at the time the offense was committed and tried and a duly qualified and acting justice of the peace was residing, and no change of venue was ordered, I express no opinion. That question becomes unimportant since October 1, 1913; and now the law clearly limits the jurisdiction of justices of the peace to offenses committed within their respective precincts in which such courts are established. Subd. 3, sec. 1291, S. B., *supra* (Ariz. Pen. Code 1913, sec. 1308).

I cannot concur in the order affirming the judgment, for the reasons above stated. I am of the opinion that the appeal should be dismissed, and that this court has no authority of law to otherwise order.

Application for rehearing denied.