[Criminal No. 521. Filed June 10, 1922.]

[207 Pac. 363.]

## JOHN SMITH, Appellant, v. STATE, Respondent.

MUNICIPAL CORPORATIONS—JURISDICTION OF SUPREME COURT ON APPEAL FROM JUSTICE OR POLICE COURT DOES NOT EXTEND TO REFUSAL OF CONTINUANCE OR TO PASS ON INSUFFICIENCY OF COMPLAINT.—Under Penal Code of 1913, section 1156, providing that the only questions coming from a justice, police or recorder's

24 Ariz.—11

court through the superior court to the Supreme Court, of which the latter has jurisdiction on appeal, are such as involve the validity of a tax, impost, assessment, toll, municipal fine or statute, on an appeal from a city court from a conviction for violating a city ordinance against selling liquor, the Supreme Court has no jurisdiction to pass on the insufficiency of the complaint and the refusal to postpone trial for absence of witnesses.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Case dismissed.

Mr. Spencer B. Pugh and Mr. J. C. Niles, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

ROSS, C. J.—Appellant was tried and convicted in the city court of the city of Phoenix, upon a charge of violating a city ordinance against selling or attempting to sell intoxicating liquor within the city. He appealed to the superior court, where the case was tried *de novo* and was again convicted. From the judgment of conviction, he appeals.

The only errors assigned are the insufficiency of the complaint to state a crime, and a refusal to postpone the trial upon a showing of the absence of material witnesses. These are questions we have no power to pass on in a case appealed from "a justice, police, or recorder's court." The only questions coming from such courts through the superior court to the Supreme Court, that the latter has jurisdiction of on appeal, are such as "involve the validity of a tax, impost, assessment, toll, municipal fine, or statute." Section 1156, Penal Code. The validity of the ordinance under which appellant was tried and sentenced was not raised in either of the inferior courts and is not raised here. The same is true of the fine or punishment.

It appearing that this court is without jurisdiction to pass upon the assignments of error here presented, the order will be that the appeal be dismissed.

McALISTER and FLANIGAN, JJ., concur.