[Criminal No. 839.   Filed June 16, 1936.]

[58 Pac. (2d) 752.]

STATE OF ARIZONA, Appellant, v. BOB MOORE, Respondent.

Mr. F. H. Lyman and Mr. James E. Nelson, for Appellant.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Respondent.

ROSS, J.—Respondent was convicted in the city magistrate's court upon two separate complaints ·charging him with the violation of an ordinance of the city of Phoenix making it a misdemeanor to engage in the business of receiving, making or negotiating bets on horse races at tracks in or out of Arizona. He appealed to the superior court of Maricopa county, and that court sustained his demurrers to the complaints and dismissed the cases.

The city attorney of Phoenix has appealed on behalf of the state, assigning the court's ruling on the demurrers and the orders of dismissal as error. The cases were consolidated for the purposes of the appeal.

While the questions raised and argued by counsel are very interesting, we cannot consider nor decide them, for the reason that the case is not under the statutes appealable. The right of appeal from the superior court to the Supreme Court of the state, where the case originates in a justice, police, or recorder's court, is not granted to the state, but to the defendant only. The statute so stating is section 5137, Revised Code of 1928, reading as follows:

"§ 5137. *Cases appealed to superior court reviewable by supreme court.* An appeal may be taken by the defendant from a final judgment of the superior court in a case appealed from a justice, police or recorder's court if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute. Except as provided in this section there shall be no appeal from the judgment of the superior court

rendered in a case appealed from a justice, police or recorder's court.''

It will be noted that this section, after granting the right of appeal to a defendant, goes on to say that there shall be no appeal except the ones granted. The only cases in which the state may appeal are those prosecuted by indictment or information, as enumerated in section 5136, Id., reading as follows:

''§ 5136. *Appeal by state, orders reviewable.* An appeal may be taken by the state from an order setting aside, or sustaining a demurrer to an indictment or information; from an order granting a new trial, or arresting judgment, or from an order made after judgment affecting the substantial rights of the state.''

The state's right to appeal is confined to cases prosecuted by indictment or information, and since these instruments are used only in the superior court, appeals by the state must be from some ruling or action of a superior court enumerated in section 5136, *supra*.

In justice, police and recorder's courts the charge is always by complaint. The order here was one sustaining a demurrer to a complaint—clearly taking it out of those made appealable from the superior court to the Supreme Court.

The right of appeal in criminal cases is not known to the common law and exists, if at all, by virtue of some constitutional or statutory provision. *Hancock* v. *State,* 31 Ariz. 389, 254 Pac. 225; *Devilla* v. *State,* 36 Ariz. 302, 285 Pac. 285; *Skaggs* v. *State,* 24 Ariz. 191, 207 Pac. 877.

The order of the court is that the appeal be dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.