182 P.2d 109

**STATE v. GUTHRIE.**

No. 966.

Supreme Court of Arizona.

July 11, 1947.

Struckmeyer & Struckmeyer, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., and John W. Rood, Chief Asst. Atty. Gen., for appellee.

LaPRADE, Justice.

This proceeding represents an attempted appeal to this court from a judgment of the superior court of Maricopa County, adjudging the defendant-appellant to be guilty of petty theft, a misdemeanor. The appellant had previously been convicted in the justice court of West Phoenix Precinct. From that judgment he appealed to the superior court of Maricopa County and upon a trial de novo was again convicted. Judgment was pronounced December 31, 1945, at which time defendant requested the court to fix bond on appeal to the Supreme Court, whereupon the court made the following two orders:

"It is ordered fixing bond on appeal in the sum of $300.00.

"It is ordered allowing the cash bond heretofore posed (posted) by Defendant and at present on deposit in the Office of the Clerk of this Court to be hence forward deemed as a supersedeas bond on appeal."

Appellant apparently is and was allowed to remain at liberty in disregard of the judgment and the commitment remanding him to the custody of the sheriff to serve the sentence imposed. On February 13, 1946, defendant filed a notice of appeal to this court. The appeal was lodged here on April 23, 1946. Through numerous stipulations appellant's reply brief was not filed here until the 20th day of January, 1947. On June 25, 1947, oral arguments were waived and the case was submitted on the briefs. No motion to dismiss the appeal for want of jurisdiction was filed. Numerous assignments of error and propositions of law were submitted by the appellant to all of which the attorney general responded by an extended brief. Now upon examination of the record it appears that the Supreme Court has no jurisdiction to consider this attempted appeal. There can be no appeal from a final judgment of a superior

42

court rendered in a case appealed from a justice court unless the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute. See section 44-2507, A.C.A. 1939. This case does not fall within any of the exceptions contained within this section. That the attempted appeal does not lie, and that this court is without jurisdiction to entertain it, is demonstrated by the holdings of this court in the cases of Territory v. Moore, 9 Ariz. 122, 80 P. 316; Branch v. State, 15 Ariz. 99, 136 P. 628; Smith v. State, 24 Ariz. 161, 207 P. 363; Hancock v. State, 31 Ariz. 389, 254 P. 225; Devilla v. State, 36 Ariz. 302, 285 P. 285; State v. Moore, 48 Ariz. 16, 58 P.2d 752.

The appeal is therefore dismissed for lack of jurisdiction.

STANFORD, C. J., and UDALL, J., concurring.