376 P.2d 771

The STATE of Arizona, Appellee,

v.

Billy Doyle WHITE, Appellant.

No. 1238.

Supreme Court of Arizona.

En Banc.

Dec. 5, 1962.

Lewis, Roca, Scoville, Beauchamp & Linton, and John J. Flynn, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, Maricopa County Atty., for appellee.

JENNINGS, Justice.

Defendant was convicted of the crime of manslaughter in the driving of a motor vehicle with gross negligence and of the crime of reckless driving. From the judgments and sentences he appeals.

A detailed statement of the facts has been omitted inasmuch as the defendant does not challenge the sufficiency of the evidence. Defendant was charged with manslaughter in the driving of a motor vehicle with gross negligence. Upon the trial, the charge was consolidated by stipulation with the trial de novo of an appeal from a judgment and sentence of the City of Phoenix Municipal Court on a charge of reckless driving arising out of the same incident. The jury returned a verdict of guilty upon both charges.

We are precluded from considering defendant's first assignment of error relating to the charge of reckless driving since it relates to the trial de novo and does not involve the validity of a tax, impost, assessment, toll, municipal fine or statute. State v. Robles, 88 Ariz. 253, 355 P.2d 895 (1960); State v. Guthrie, 66 Ariz. 41, 182 P.2d 109 (1947); A.R.S. § 22–375.[1]

In assignments of error Nos. 2, 3 and 4 defendant contends the trial court erred in denying defendant's motions for a mistrial and new trial which were based upon alleged prejudicial misconduct of the deputy county attorney. The deputy county attorney asked defendant on cross-examination whether he was driving in a reckless fashion. Defendant said he was not. He was then asked whether he had pleaded guilty to reckless driving in the City Court in Phoenix following the incident. Defendant answered, yes.

Defendant contends that inasmuch as the trial court had not allowed the plea of guilty to be introduced as a judicial admission in the case in chief as to the reckless driving trial de novo, it therefore could not be introduced for any other purpose. He argues that the deputy county attorney was guilty of prejudicial misconduct in asking the question and that it resulted in depriving defendant of a fair and impartial trial.

The State contends the question was asked for the purpose of impeaching defendant's testimony that he was not driving recklessly and went only to the credibility of the witness under the court's refusal to allow it as an admission. It is the State's position that it was admissible as impeach-

1. A.R.S. § 22–375 provides:
"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

ment and the fact that it may not have been admissible under any other theory was immaterial.

A defendant in a criminal action who offers himself as a witness in his own behalf may be cross-examined to the same extent and subject to the same rules as any other witness. See A.R.S. § 13–163. State v. Garaygordobil, 89 Ariz. 161, 359 P.2d 753 (1961). An adverse witness may always be impeached by a showing that he has previously made statements inconsistent with his present testimony. Lawrence v. State, 29 Ariz. 247, 240 P. 863, rehearing denied 29 Ariz. 318, 241 P. 511, certiorari denied 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425 (1925); see also McCormick on Evidence, § 34. In the instant case defendant testified to facts material in the case. He could therefore be impeached by showing that he had previously made statements relating to these same facts which were inconsistent with his present testimony. Mc-Daniels v. State, 62 Ariz. 339, 158 P.2d 151 (1945). The fact that defendant had pleaded guilty to reckless driving was admissible as impeachment when he later testified that he was not driving recklessly.

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.