98 Ariz. 374 (1965)
405 P.2d 808
STATE of Arizona, Appellee,
v.
Nancy Sonja JEAN, Appellant.
No. 1498.
Supreme Court of Arizona, En Banc.
September 23, 1965.
Calvin Webster, Tucson City Atty., James E. Quigley, Tucson City Prosecutor, Tucson, for appellee.
William Messing, Tucson, for appellant.
*375 LOCKWOOD, Chief Justice.
Appellant Nancy Sonja Jean was arrested for violation of Chapter 18, § 35, of the 1953 Tucson City Code which read at the time of conviction as follows:
"Any person who shall, within the corporate limits of the city, practice prostitution or who shall, by word, sign or action, at any place within the city, make known or call attention that she is a prostitute, courtesan or lewd woman, or who shall make any public meretricious display of herself, or who shall solicit any person to visit or patronize a prostitute or place of prostitution, shall be deemed guilty of a misdemeanor."[1]
More specifically, the complaint charges that the defendant:
"did then and there make known or call attention by words, signs and actions that she is a prostitute, all within the corporate limits of the City of Tucson, and, in violation of the Code of the City of Tucson, Chap. 18, Section 35."
Appellant was tried before the City Magistrate and was convicted and sentenced. From this judgment and conviction she appealed to the Pima County Superior Court and was tried de novo, before a jury. Upon this trial she was found guilty. The court imposed a sentence of $100.00 or five days in jail. Appellant was represented by counsel in both City Court and in the Superior Court.
She appeals from the conviction and sentence in the Superior Court. She presents several questions in support of the appeal. Only one, concerning the validity of the ordinance involved, may be considered, since no appeal may be taken from a Superior Court trial de novo arising from an appeal from a police (magistrate) court except when the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute. A.R.S. § 22-375; State v. White, 92 Ariz. 306, 376 P.2d 771 (1962).
Appellant attacks the portion of the ordinance which she is charged with violating as unconstitutional because it is so vague and indefinite that it violates the due process and equal protection guarantees of the constitution. She argues that it is "neither clear nor explicit or certain, nor designed so the person of ordinary intelligence can understand what it forbids, and is subject to numerous interpretations," and it "leaves the interpretation of whether the word, sign or action falls within the ambit of the proscribed conduct to the whims, caprices and vagaries of each judge, juror or law enforcement officer." The wording so attacked reads:
"Any person who shall * * * by word, sign or action * * * make *376 known or call attention that she is a prostitute * * * shall be deemed guilty of a misdemeanor."
In Brockmueller v. State, 86 Ariz. 82, 340 P.2d 992, cert. denied 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959), wherein the same arguments were advanced with regard to statutes proscribing certain conduct we enunciated the criteria for determining whether a criminal statute falls within that degree of vagueness which would render it unconstitutional. Therein we held that "[e]ven in criminal statutes, the language adopted need not afford an interpretation approaching mathematical certainty," and that such a statute is valid if it is sufficiently certain and definite to apprise men of ordinary intelligence of the conduct which the statute prohibits. Id. at 84, 340 P.2d at 994. See also Loveland v. State, 53 Ariz. 131, 140, 86 P.2d 942, 945 (1939), in which we pointed out that the great weight of authority sustains the view that the offense may be defined by a particular description of the act constituting it, or by defining it as an act which produces a certain defined or described result.
Certainly the term "prostitute" is neither vague nor uncertain. The conduct prohibited is sufficiently definite to apprise persons of ordinary intelligence of its meaning in its relation to conduct on the part of a prostitute. We hold, therefore, that the portion of the ordinance questioned by this appeal is not unconstitutional on the ground that it is vague or uncertain.
Judgment affirmed.
STRUCKMEYER, V.C.J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concur.
NOTES
[1] By recent amendment this ordinance appears in substantially the same form, as the 1965 Tucson Code, Ch. 11, § 43.