PILLSBURY, Plaintiff in error, v. STATE, Defendant in error.*

*April 15—May 10, 1966.*

* Motion for rehearing denied, without costs, on July 1, 1966.

88

For the plaintiff in error there was a brief and oral argument by *Charles J. Drury* of Portage.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HALLOWS, J.   On the night of November 13, 1964, the defendant was lawfully arrested in Wyocena without a warrant for burglary and possession of burglarious tools. The following Monday after a complaint had been signed he was taken before a magistrate. He waived preliminary hearing and was bound over for trial. An information was then filed but the arraignment was adjourned

to permit the defendant to engage counsel. On November 23d the defendant was arraigned and upon the advice and concurrence of counsel, he pleaded guilty to the charges of burglary and possession of burglarious tools. The guilty pleas were accepted by the court and a presentence investigation ordered.

On December 3d, while the defendant was waiting sentencing, he testified as a witness at the preliminary hearings of two of his alleged accomplices before a county judge sitting as a magistrate. During the preliminary hearings he told conflicting stories and the magistrate pursuant to sec. 954.46, Stats., ordered his arrest for perjury. The defendant, while represented by counsel, waived preliminary hearing on this perjury charge and was bound over. The information which had charged burglary and possession of burglarious tools was then amended to include the count of perjury. Upon arraignment on the perjury charge the defendant pleaded guilty with the advice of counsel and the plea was accepted by the court. The defendant was then sentenced on all three counts.

It is further contended by the defendant that although his initial arrest was valid for the purpose of taking him into custody, he could not be detained and brought before a magistrate for a preliminary hearing unless a warrant for his arrest based upon a complaint was issued and served upon him. The defendant strenuously argues that the issuance and service of the warrant is jurisdictional in the criminal process and the failure to issue and serve the warrant renders subsequent criminal proceedings void. Normally an accused is arrested upon a warrant based upon a complaint pursuant to sec. 954.02, Stats., but an arrest may be made for a felony without a warrant. Here, the defendant was properly arrested for a felony without a warrant. Since he was not a fugitive from justice, the next step in the criminal process was to formally charge him with

the crime and bring him promptly before a magistrate. *Phillips v. State* (1966), 29 Wis. (2d) 521, 139 N. W. (2d) 41. If an accused is not in the custody of the police upon an arrest, a warrant may be necessary to assure his detention and appearance before the magistrate upon the complaint; but we think here there was no necessity for issuing a warrant for the defendant's arrest and rearresting him upon the complaint when he was in custody upon arrest for the crime charged in the complaint. At this stage in the proceeding it was the duty of the law-enforcement officers to bring the defendant before a magistrate whether they had a warrant for his arrest or not.

A warrant is a written order on behalf of the state based upon a complaint issued pursuant to sec. 954.02, Stats., commanding a law-enforcement officer to arrest a person and bring him before the magistrate. The purpose of the warrant is to give the accused person notice that he is charged with an offense and to bring him before the magistrate so that he acquires jurisdiction over the person of the accused. Jurisdiction does not depend upon the warrant but upon the accused's physical presence before the magistrate. This jurisdiction over the accused may be obtained by his voluntary appearance or by use of a summons as well as by a warrant. Sec. 954.02. It is quite uniformly held the failure to issue a warrant for the arrest of the accused does not deprive the magistrate of jurisdiction to hold a preliminary hearing upon a complaint when the accused appears before him. 22 C. J. S., Criminal Law, pp. 813–815, sec. 316; *State v. Barreras* (1958), 64 N. Mex. 300, 328 Pac. (2d) 74; *State v. O'Kelly* (1963), 175 Neb. 798, 124 N. W. (2d) 211; *State ex rel. Adams v. Riggs* (1958), 252 Minn. 283, 89 N. W. (2d) 898.

This is not a case of a defendant being "detained for questioning" and who is not arrested. In such a case, upon the filing of a complaint a warrant of arrest is

necessary unless the defendant is willing to waive it. Here, the defendant, while validly under arrest without a warrant, appeared before a magistrate upon a sworn complaint. The issuance of a warrant on the complaint for the arrest of the defendant under the circumstances would have been a superfluous and useless act to bring him before the magistrate to answer the charges against him. When the defendant appeared before the magistrate he could not successfully claim that his presence was illegal or in violation of due process or that he was then being detained under an invalid arrest because the force of the original arrest without a warrant was sufficient to bring him before the magistrate on the formal complaint of the commission of crimes for which he was arrested without a warrant.

When the defendant waived the preliminary hearing and was bound over for trial, his detention in custody from that time on was by force of the bindover and order of commitment, not his original arrest or any arrest which might have been made pursuant to a warrant. Thereafter the defendant entered a plea of guilty to the information. The filing of an information is not dependent jurisdictionally upon a valid complaint or preliminary examination. While sec. 955.18, Stats., gives a person accused of a felony a right to a preliminary examination unless he is a fugitive from justice, the omission of a preliminary examination does not invalidate an information unless the defendant moves to dismiss. The information is the accusatory pleading under our criminal system to which the defendant must plead and stand trial, but sec. 955.18 does not make it void for lack of a preliminary examination but only defective, a condition which is waived unless timely objected to.

The state makes a second-line defense argument that the failure to issue a warrant upon the complaint was waived under sec. 955.09 (3), Stats., by the failure to

move before trial to dismiss because of a defect in the institution of the proceedings. That section provides such a waiver and is applicable if the defect is not jurisdictional in respect to the subject matter. One cannot waive lack of jurisdiction of the subject matter or confer it on a court by consent. The state similarly argues the defendant waived any defects by his plea of guilty. In *Hawkins v. State* (1965), 26 Wis. (2d) 443, 132 N. W. (2d) 545, we stated that a plea of guilty, voluntarily and understandably made, constituted a waiver of nonjurisdictional defects and defenses, including claims of violations of constitutional rights prior to the plea. This statement was followed with approval in *Carter v. State* (1965), 27 Wis. (2d) 451, 134 N. W. (2d) 444, 136 N. W. (2d) 561; see also 22 C. J. S., Criminal Law, pp. 1201, 1202, sec. 424 (7).

If a failure to issue a warrant is a jurisdictional defect under circumstances not now present, it did not go to the jurisdiction of the subject matter but at most to the jurisdiction of the person. As pointed out in *State ex rel. La Follette v. Raskin* (1966), 30 Wis. (2d) 39, 139 N. W. (2d) 667, a plea of guilty to the accusation of a crime confers upon the court only jurisdiction over the person. Criminal jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law. 21 Am. Jur. (2d), Criminal Law, pp. 398, 399, sec. 376. In this case, both the magistrate and the trial court had proper subject-matter jurisdiction.

The second argument of the defendant concerns the lack of a complaint for the perjury charge. The defendant is charged with perjury under sec. 946.31 (1) (b), Stats. This subsection makes it a crime for a person under oath or affirmation to orally make a false material statement which he does not believe to be true in any action or proceeding before a magistrate. The county judge who was sitting as a magistrate ordered

the arrest of the defendant under sec. 954.46 for perjury committed before him during the preliminary examination and while acting as a magistrate. However, we do not read sec. 954.46 as applying to a magistrate. This section provides for a special commencement of a criminal prosecution for perjury committed before a trial judge by providing his order for arrest constitutes the complaint and the preliminary hearing is to be held before him. Of the persons and agencies listed in sec. 946.31, before whom perjury can be committed, only a trial judge is singled out by sec. 954.46 and granted the power to use the special procedure for charging perjury committed before him. This power might well be given to all judges regardless of their capacity in conducting a hearing, a trial, or a preliminary examination; but we cannot construe sec. 954.46 so broadly because of its reference to "the trial judge." This section is of ancient origin and applied to "any court of record" in its original form in sec. 6, p. 360, of the Wisconsin territorial statutes of 1839. In 37 Op. Atty. Gen. (1948), 1, will be found an interesting discussion of the history of this section. From its history and from its language, we hold the section applies only to a trial judge when a witness before him commits perjury during a trial. Although the section is found in the chapter on arrest and examination, it applies to civil as well as criminal cases.

However, we do not think this defect vitiates the conviction of the defendant on the perjury charge even though the complaint was not in proper form. See Anno. Right to waive indictment, information, or other formal accusation, 56 A. L. R. (2d) 837. Such defect would only go to the validity of the preliminary examination which the defendant waived. When the information was amended to include a charge of perjury, the defendant again made no objection thereto and pleaded guilty with advice of counsel. We are not concerned here with what the court might have done if

defendant at the time of arraignment had raised the question of the defect in the prior proceeding. We hold only that the insufficiency of the complaint on the charge of perjury was not in any sense jurisdictional and did not prevent the trial court from accepting a plea of guilty from the defendant to the amended information charging him with perjury.

The last claim of the defendant is aimed at a reversal of the convictions in the interests of justice or at least a modification of the sentence either by this court or by remand to the trial court. In a proper case, this court under sec. 251.09, Stats., may in the interests of justice reverse, but we do not find any reason in this record why there was a miscarriage of justice. The defendant has not moved to withdraw his pleas of guilty nor has he made any claim that he is not guilty of the charges. True, it is claimed the defendant committed perjury because of duress but such alleged facts were known to trial counsel, who had an arrangement with the district attorney that the defendant would cooperate in the prosecution of his alleged accomplices in return for a recommendation for light sentence. The perjury arose when the defendant failed to cooperate in midstream. Rather than use the reason for this failure as a defense, counsel disclosed to the court his arrangement with the district attorney and argued the possibility of duress as mitigating circumstances and we think with success. Thus, the facts do not call forth this court's power to modify a criminal sentence by reversing and referring the case to the trial judge for resentencing as was done in *State v. Tuttle* (1963), 21 Wis. (2d) 147, 124 N. W. (2d) 9, where an abuse of discretion appeared.

*By the Court.*—Judgment affirmed.