486 P.2d 800

**STATE of Arizona, Appellant,**

v.

**Harry Barry SPITZ, Appellee.**

**No. I CA–CR 279.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 21, 1971.

C. Brad Woodford, Asst. City Atty., Tempe, for appellant.

Cornelius J. O'Driscoll, Phoenix, for appellee.

HAIRE, Judge.

■ On this appeal by the State of Arizona from an order entered by the Maricopa County Superior Court granting the defendant-appellee's motion to quash a misdemeanor complaint initially filed in the Police Court of the City of Tempe, this Court has, *sua sponte*, raised the question of its jurisdiction. Upon the original trial of this matter in the police court, the defendant was convicted of selling obscene materials to a minor in violation of § 21–18 of the Tempe city code. He was subsequently sentenced to pay a $300.00 fine and to spend ninety days in the Maricopa county jail. Pursuant to A.R.S. § 22–371 the defendant timely filed his notice of appeal to the Maricopa County Superior Court. Thereafter defendant filed a motion to quash the complaint and the superior court granted the motion on the grounds that the magistrate issuing the complaint had failed to comply with the provisions of Rules 1 and 2, Rules of Criminal Procedure, 17 A.R.S. It is from this order granting the motion to quash the complaint that the appellant State of Arizona purports to appeal to this Court.

A.R.S. § 22–375 provides as follows:

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a

tax, impost, assessment, toll, municipal fine or statute.

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

Since this appeal does not purport to be an appeal by the defendant involving the "validity of a tax, impost, assessment, toll, municipal fine or statute", the Court is of the opinion that it lacks jurisdiction to proceed. The Arizona Supreme Court has consistently stated that further appeals from the superior court determination of matters originating in a justice of the peace or police court *must* be confined to these statutorily delineated issues exclusively. State v. Jean, 98 Ariz. 375, 405 P.2d 808 (1965); State v. White, 92 Ariz. 306, 376 P.2d 771 (1962); State v. Robles, 88 Ariz. 253, 355 P.2d 895 (1960); Smith v. State, 24 Ariz. 161, 207 P. 363 (1922).

■ At the time of oral argument the State urged that notwithstanding A.R.S. § 22–375, this Court has jurisdiction by virtue of A.R.S. § 13–1712. That statute reads as follows:

"An appeal may be taken by the state from:

"1. An order quashing an indictment or information or count thereof.

"2. An order granting a new trial.

"3. An order arresting judgment.

"4. A ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment.

"5. An order made after judgment affecting the substantial rights of the state.

"6. The sentence on the grounds that it is illegal.

"7. An order granting a motion to suppress the use of evidence."

It will be noted that A.R.S. § 13–1712 subsec. 1, does give the State the right to

appeal from an order quashing an *indictment or information.* However, this case was prosecuted by *complaint.* The Arizona Supreme Court has ruled on the exact contention now urged by the State. In State v. Moore, 48 Ariz. 16, 58 P.2d 752 (1936), in dismissing a purported appeal by the State, the court stated:

"It will be noted that this section, [Section 5137, Revised Code of 1928, now A.R.S. § 22–375] after granting the right of appeal to a defendant, goes on to say that there shall be no appeal except the ones granted. The only cases in which the state may appeal are those prosecuted by indictment or information, as enumerated in section 5136, [now A.R.S. § 13–1712] reading as follows:

'§ 5136. *Appeal by state, orders reviewable.* An appeal may be taken by the state from an order setting aside, or sustaining a demurrer to an indictment or information; from an order granting a new trial, or arresting judgment, or from an order made after judgment affecting the substantial rights of the state.'

"The state's right to appeal is confined to cases prosecuted by indictment or information, and since these instruments are used only in the superior court appeals by the state must be from some ruling or action of a superior court enumerated in section 5136, *supra.*

"In justice, police and recorder's courts the charge is always by complaint. The order here was one sustaining a demurrer to a complaint—clearly taking it out of those made appealable from the superior court to the Supreme Court." 48 Ariz. at 18, 58 P.2d at 752.

*See also,* State v. Wood, 94 Ariz. 357, 385 P.2d 229 (1963) which points out that the *State* does not even have the limited right to appeal from the superior court which is granted to a defendant by A.R.S. § 22–375, where the case originates in a justice of the peace or police court.

**122**

The appeal is dismissed for lack of jurisdiction.

JACOBSON, P. J., and EUBANK, J., concur.