352 So.2d 78 (1977)
Alexander DICAPRIO, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1576.
District Court of Appeal of Florida, Fourth District.
June 10, 1977.
Rehearing Denied August 3, 1977.
*79 John W. Tanner, P.A., Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony C. Musto and Benedict Kuehne, Asst. Attys. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellant appeals from an Order revoking his probation and sentencing him to the state penitentiary. However, the issue he raises on appeal relates to the original Order withholding adjudication of guilt and placing him on probation.
Appellant contends that the Circuit Court lacked subject matter jurisdiction to hear the case initially and to enter the Order of probation. Since subject matter jurisdiction cannot be conferred by consent, acquiescence or waiver, and lack of such jurisdiction can be raised at any time, even for the first time on appeal, we now consider the issue of jurisdiction on this appeal. Solomon v. State, 341 So.2d 537 (Fla.2d DCA 1977); Wilds v. Permenter, 228 So.2d 408 (Fla.4th DCA 1969).
Appellant was charged by information with possession and delivery of cannabis sativa L. The information contained no allegations of a prior conviction of Appellant of the Drug Abuse Law or that the amount of marijuana involved exceeded five grams. In the absence of such allegata, the offenses charged were only misdemeanors as a matter of law and the Circuit Court had no felony jurisdiction. Boley v. State, 273 So.2d 109 (Fla.4th DCA 1973). Therefore, the Circuit Court's Order placing Appellant on probation was void. Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972); Boley v. State, supra.
All proceedings flowing from this void Order, specifically the Order revoking probation and sentencing Appellant, are a nullity and must be reversed. Ware v. State, 231 So.2d 872 (Fla.3d DCA 1970); Solomon v. State, supra.
REVERSED.
ALDERMAN and ANSTEAD, JJ., concur.