380 A.2d 420

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Earl R. ZIEGLER.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided Dec. 2, 1977.

148

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellant.

Norman E. Dettra, Jr., Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from the lower court's granting of appellant's demurrer to the charge of rape. The demurrer was granted because the Commonwealth had failed to establish that venue was obtained in Berks County. On appeal the Commonwealth rests its position almost exclusively on the proposition that appellant waived this objection by failing to raise it at the preliminary hearing. We disagree.

Principally, the Commonwealth contends that Pa.R. Crim.P., Rule 25 requires the accused to raise the question of venue at the preliminary hearing. Rule 25 provides:

"(a) Objections to venue shall be raised in the Court of Common Pleas of the judicial district in which the proceeding has been brought, before completion of the preliminary hearing in a court case or before completion of the summary trial where a summary offense is charged, or such objections shall be deemed to have been waived.

(b) No objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought.

(c) No criminal proceeding shall be dismissed because of improper venue. Whenever an objection to venue is allowed, the Court of Common Pleas shall order the transfer of the proceeding to the issuing authority of the proper magisterial district of the proper judicial district. If the proceeding is transferred to a magisterial district of another judicial district, the President Judge of the Judicial District to which the case is transferred shall be notified of such transfer."

While at first blush the Commonwealth's argument appears persuasive, we agree with the lower court that Rule 25 only speaks to the question of venue between magisterial districts within the same county, not venue between counties.

First, Rule 25 appears in Chapter 20 of the Rules of Criminal Procedure [1] which is entitled, "Issuing Authorities: Venue, Location, and Recording of Proceedings." Rules 21 through 29, which comprise Chapter 20, regulate proceedings before issuing authorities and do not establish procedures once a criminal action becomes a court case. Hence, the Commonwealth seeks to give Rule 25 broader application than that intended by its drafters. See *Commonwealth v. Simeone*, 222 Pa.Super. 376, 378, n. 2, 294 A.2d 921 (1972).

Second, were we to adopt the Commonwealth's reasoning in the instant case, we would do violence to established case law which has always treated the question of venue between counties in criminal cases as one of subject-matter jurisdiction. *Commonwealth v. Simeone*, 222 Pa.Super. at 378–79, 294 A.2d 921. See also *Commonwealth v. Creamer*, 236 Pa.Super. 168, 171, n. 2, 345 A.2d 212 (1975); *Commonwealth v. Tumolo*, 223 Pa.Super. 189, 192, 299 A.2d 15 (1973). Since a question of subject-matter jurisdiction goes to the very power of the court to act, it may be raised at any time during the proceedings, and may not be waived by consent or otherwise. *Commonwealth v. Mangum*, 231 Pa.Super. 162, 332 A.2d 467 (1974); *Commonwealth ex rel. Paylor v. Cavell*, 185 Pa.Super. 176, 138 A.2d 246, cert. denied 358 U.S. 854, 79 S.Ct. 84, 3 L.Ed.2d 88 (1958); *Commonwealth v. Gill*, 166 Pa.Super. 223, 70 A.2d 700 (1950). Therefore, appellee could not have waived the question of the jurisdiction of the criminal courts of Berks County to act by failing to raise that issue at the preliminary hearing.[2]

Order affirmed.

VAN der VOORT, J., files a concurring opinion in which WATKINS, President Judge, and PRICE, J., join.

1. Chapter 20 comprises the rules which, prior to 1974, were numbered Rules 151–55.

2. The Commonwealth also contends that either 19 P.S. § 524 (1964) entitled, "Offenses near county lines," or 19 P.S. § 525 (1964) entitled, "Offenses committed during journeys," applies. However, the facts do not show that the alleged rape occurred within five hundred

VAN der VOORT, Judge, concurring:

I join in the Opinion authored by Judge CERCONE with the understanding on my part that if the alleged offense of rape actually occurred in a County other than Berks, then the defendant has not been placed in jeopardy by this prosecution.

WATKINS, President Judge, and PRICE, J., join in this concurring opinion.

yards of a county line as the former section requires, and the facts refute the contention that the offense was committed during a journey. The alleged rape occurred in appellees mobile home, at a site certain, rather than during a journey.