606 P.2d 33

The STATE of Arizona ex rel. Andy BAUMERT, Phoenix City Attorney, Appellant,

v.

The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and the Honorable Richard Garcia, Judge thereof; and Thelma H. Ratliff, Defendant and Real Party in Interest, Appellees.

No. 1 CA–CIV 3946.

Court of Appeals of Arizona, Division 1, Department A.

April 24, 1979.

Rehearing Denied Dec. 18, 1979.

Andy Baumert, Phoenix, City Atty. by M. Louis Levin, City Prosecutor, Michael K. Carroll and Michael R. Arkfeld, Asst. City Prosecutors, Phoenix, for appellants.

Cox & Cox by Stephen L. Cox, Phoenix, for appellees.

## OPINION

DONOFRIO, Acting Presiding Judge.

This case is an appeal from the denial of a petition for special action filed in the Maricopa County Superior Court. This Court has jurisdiction under A.R.S. § 12–2101(B) and 17A A.R.S., Rules for Special Actions, rule 8(A). The issues raised on appeal concern the propriety of the Municipal Court Judge's consideration of a motion to dismiss and whether in granting the motion to dismiss the court abused its discretion. Because we believe that under the facts of this case the motion to dismiss was precluded by 17 A.R.S., Rules of Criminal Procedure, rule 16.1, we do not reach the second issue.

On July 8, 1976, appellee Thelma H. Ratliff, was charged by complaint in Phoenix Municipal Court of four counts of theft by embezzlement. Thereafter, a series of continuances obtained both by the State and the defendant pushed the trial date to May, 1977, almost a year later. On May 13, 1977, one working day before the trial date, appellee filed a motion to dismiss the complaints against her on the ground that the issuing magistrate had failed to conduct an adequate inquiry into the existence of probable cause before issuing the complaint.

The motion was orally argued on the day set for trial. The State filed no written response but relied specifically upon the provisions of Rule 16.1:

"a. Scope of Rule. This rule shall govern the procedure to be followed in cases in the Superior Court between arraignment and trial, unless specifically provided by another rule. Rules 16.1 and 16.2 shall apply to criminal proceedings in all courts.

b. Making of Motions Before Trial. All motions shall be made no later than 20 days prior to the date set for trial. Lack of jurisdiction may be raised at any time.

\* \* \* \* \* \*

c. Effect of Failure to Make Motions in Timely Manner. Any motions, defense, objection, or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it. \* \* \*."

The State also presented an argument on the substantive issue raised by the motion. After considering testimony and argument, the court granted the motion to dismiss. The State thereupon filed a petition for special action in the Superior Court which was denied. This appeal followed.

By the express terms of Rule 16.1, which specifically apply to criminal proceedings in non-record courts, all motions must be made no later than 20 days prior to the date set for trial. The effect of a failure to file the motion in a timely manner is its preclusion. *State v. Sustaita*, 119 Ariz. 583, 583 P.2d 239 (1978); *State v. Lee*, 25 Ariz. App. 220, 542 P.2d 413 (1975). Rule 16.1(b), however, specifically provides that lack of jurisdiction can be raised at any time. In ordering the complaints dismissed the trial court found that the issues raised in the motion to dismiss were jurisdictional and that therefore the preclusion effect of Rule 16.1(c) did not apply. We disagree with this reasoning and therefore reverse.

In analyzing this issue, the distinction between subject matter and personal jurisdiction must be kept clearly in mind. The Supreme Court of Arizona has described subject matter jurisdiction as:

"the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question." *Tube City Mining And Milling Company v. Otterson*, 16 Ariz. 305, 311, 146 P. 203, 206 (1914).

It has also been described as the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Fuller v. State*, 568 P.2d 900 (Wyo.1977). Jurisdiction of the subject matter cannot be waived by a consent, acquiescence or otherwise, and the lack of it can be raised at any time including on

appeal. *Commonwealth v. Ziegler*, 251 Pa. Super. 147, 380 A.2d 420 (1977); *State v. Fisher*, 270 N.C. 315, 154 S.E.2d 333 (1967); *Pillsbury v. State*, 31 Wis.2d 87, 142 N.W.2d 187 (1966); *Dicaprio v. State*, 352 So.2d 78 (Fla.App.1977). [See: *First National Bank & Trust Company v. Pomona Machinery Co.*, 107 Ariz. 286, 288, 486 P.2d 184, 186 (1971)].

The existence of subject matter jurisdiction is determined by the general nature of the charge contained in the complaint. See *Peterson v. Jacobson*, 2 Ariz. App. 593, 411 P.2d 31 (1966). The complaint in this instance charged four counts of petty theft by embezzlement. The jurisdiction of Municipal Courts over violations of State law is concurrent with the jurisdiction of Justices of the Peace. A.R.S. § 22–402(B). Justice of the Peace courts are specifically given jurisdiction over petty theft in A.R.S. § 22–301(1). Therefore, the Municipal Court had subject matter jurisdiction of the offenses charged in the complaint against appellee Ratliff.

The other form of jurisdiction which must be kept in mind is personal jurisdiction. Personal jurisdiction over a defendant is acquired by arrest pursuant to a warrant issued on a sworn complaint and the defendant's subsequent appearance before the court. *Branch v. State*, 15 Ariz. 99, 136 P. 628 (1913). In contrast to subject matter jurisdiction an objection to the existence of personal jurisdiction may be waived. *State v. Superior Court of Pima County*, 7 Ariz.App. 170, 436 P.2d 948 (1968); *Fuller v. State*, supra; *Belcher v. State*, 42 Wis.2d 299, 166 N.W.2d 211 (1969).

Since an objection to the existence of subject matter jurisdiction may be made at any time, we think that it is reasonable to conclude that the type of jurisdiction, the lack of which may be raised at any time under Rule 16.1, is subject matter jurisdiction. Objections, however, to the existence of personal jurisdiction, which may be waived, must be raised no later than 20 days before trial as required by Rule 16.-1(b). If such an objection is not timely

made then it is precluded under Rule 16.-1(c). If appellee Ratliff's motion went to the existence of personal jurisdiction, it was not filed in a timely manner and therefore should have been precluded.

Appellee's objection to the complaint was not that it failed to state an offense over which the municipal court had jurisdiction. Indeed, as has already been shown, municipal courts have direct jurisdiction over petty theft. Rather, appellee Ratliff's objection went to alleged deficiencies in the method used to determine the existence of probable cause to believe that appellee had committed the crime of petty theft. Appellee was, therefore, alleging a defect in the issuance of the complaint, which goes to jurisdiction over the person as opposed to jurisdiction over the subject matter. *Galloway v. State*, 32 Wis.2d 414, 145 N.W.2d 761 (1967). The motion to dismiss therefore should have been precluded by the municipal court for appellee's failure to bring it in a timely manner.

Our conclusion in this regard is fortified by analogy to the treatment of charging documents for felony prosecutions in Superior Court. The rules require that any issue concerning a defect in the charging document, whether it is an indictment or an information, must be raised in a motion filed in accordance with Rule 16.1. 17 A.R.S., Rules of Criminal Procedure, rule 13.5(c). If such a motion is filed in an untimely manner, it is precluded. Rule 16.-1(c); *State v. Sustaita*, supra.

In this case, appellee waited for nearly a year and until one working day before trial to file the motion to dismiss. Any consideration of the motion should have been precluded because it was not timely filed. Accordingly, we reverse.

Reversed.

FROEB, J., concurring.

SCHROEDER, Judge, specially concurring.

I agree that, in the absence of a specific rule governing the timing of pretrial motions in the city court, the provisions of Rule 16.1 are applicable. I further agree that the motion in this case was not timely since it was not filed twenty days prior to the trial, nor was it filed in the prompt exercise of reasonable diligence as required by Rule 16.1(c). The lack of specific rules governing non-record courts has presented problems. *E. g., State ex rel. Purcell v. City Court of City of Phoenix*, 112 Ariz. 517, 543 P.2d 1146 (1975). I am not persuaded that the provisions of Rule 16.1 are well suited to the nature of proceedings in non-record courts, and would urge that concerted efforts be made to develop comprehensive rules governing procedures in non-record courts.