920 P.2d 19

**STATE of Arizona, Appellee,**

v.

**Richard MARKS, Jr., Appellant.**

**No. 1 CA–CR 94–0862.**

Court of Appeals of Arizona,
Division 1, Department C.

March 19, 1996.

Review Denied July 2, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Linda L. Knowles, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

FIDEL, Judge.

We address a novel procedural issue that has arisen in the case of a juvenile trans-

ferred for prosecution as an adult. This panel recently affirmed the defendant's conviction as an adult on two counts of attempted second degree murder. By a subsequent motion, however, the defendant has informed us that, in a separate appeal eight months earlier, a different panel set aside the juvenile court transfer as improperly ordered. The defendant therefore claims that, as his transfer was invalid, the trial court—a criminal division of the superior court—lacked jurisdiction to try him as an adult. Moving to vacate our decision affirming his conviction, defendant asks us to remand with instructions to dismiss the indictment for lack of jurisdiction. For reasons that follow, we find that the trial court had jurisdiction to try defendant; our affirmation of his conviction stands.

## BACKGROUND

In September 1993, the State filed a delinquency petition against defendant, then a juvenile, alleging two counts of attempted second degree murder. The juvenile court, after conducting a hearing, transferred defendant to a criminal division of the superior court to be tried as an adult. Appointed appellate counsel filed a notice of appeal from the transfer order on January 3, 1994.

While the transfer appeal was pending, defendant proceeded to trial with different appointed counsel in what we will call "adult court." There, defendant was convicted of two counts of attempted second degree murder and sentenced to two consecutive 10.5-year prison terms. Appointed appellate counsel filed a notice of appeal from the judgment and sentence on November 15, 1994.

Defendant's trial counsel had not moved to stay adult court proceedings pending resolution of the juvenile appeal; thus, defendant was convicted before it was determined whether his transfer was valid. And defendant's two appeals—one from the juvenile court's transfer order, the other from his adult court conviction—proceeded under separate names and cause numbers (a juvenile is not identified by name in a juvenile court appeal) with separate counsel, each apparently unaware of the other appeal.

In March 1995, this court resolved the juvenile appeal. Finding that the juvenile court had violated due process by denying defendant's counsel the opportunity to question his probation officer at the transfer hearing, we set aside the transfer order. *Maricopa County Juvenile Action No. JV127231*, 183 Ariz. 263, 902 P.2d 1367 (App. 1995). Our decision became final with the issuance of a mandate on October 24, 1995. Then, in November 1995, unaware that the unnamed juvenile of "Juvenile Action No. JV127231" and Richard Marks, Jr., were one and the same, we resolved the adult appeal, affirming the judgment and sentences imposed. Thereafter, defendant's counsel for the criminal appeal learned of the juvenile appeal and its outcome and filed the motion that brought this sequence to our attention.

## DISCUSSION

 A court must have both subject matter and personal jurisdiction to render a valid criminal judgment and sentence. *Peterson v. Jacobson*, 2 Ariz.App. 593, 595, 411 P.2d 31, 33 (1966). Personal jurisdiction may be waived; subject matter jurisdiction may not. *State ex rel. Baumert v. Municipal Court of Phoenix*, 124 Ariz. 543, 545, 606 P.2d 33, 35 (App.1979) [hereinafter *Baumert*]. We therefore first examine the trial court's subject matter jurisdiction over this case.

Defendant's attack on the trial court's subject matter jurisdiction arises from Arizona Revised Statutes Annotated ("A.R.S.") § 8–202(A), which grants "[t]he juvenile court . . . exclusive original jurisdiction" over certain proceedings concerning juveniles, including proceedings for "delinquent acts"—those "which if committed by an adult would be a criminal offense." *See* A.R.S. § 8–201(9). According to defendant, because the juvenile court did not effectively relinquish or transfer its "exclusive original jurisdiction," the adult court lacked subject matter jurisdiction to try defendant as an adult.

There are three parts to our answer to this argument. First, the Arizona Constitution grants "[t]he superior court . . . jurisdiction of . . . [c]riminal cases amounting to felony."

Ariz. Const. art. 6, § 14. It also grants "[t]he superior court ... exclusive original jurisdiction in all proceedings and matters affecting ... delinquent children, or children accused of crime, under the age of eighteen years." *Id.* § 15. Defendant's conduct, therefore, whether treated as a felony or a delinquent act, fell within the subject matter jurisdiction of the superior court at large.

█ Second, the superior court is not a system of jurisdictionally segregated departments but rather a "single unified trial court of general jurisdiction." *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995). The superior court may choose, county by county, to maintain separate departments for different kinds of cases. (In Maricopa County, for example, the court has civil, criminal, domestic relations, probate, and juvenile departments, among others.) And in every county, by legislative direction, the superior court maintains a designated juvenile court. A.R.S. §§ 8–201(14), –202(A). To departmentalize the court, however, is not to partition its general subject matter jurisdiction. Thus, when the juvenile court sits, it does not do so as an entity separate and distinct from the superior court, but rather as "the juvenile division of the superior court when exercising [the superior court's] jurisdiction over children in any proceeding relating to delinquency, dependency or incorrigibility." A.R.S. § 8–201(14); *Marvin Johnson*, 184 Ariz. at 102, 907 P.2d at 71.

█ Third, it follows that the juvenile court's "exclusive original jurisdiction" over juvenile matters does not deprive the superior court at large of subject matter jurisdiction over a felony committed by a juvenile. Ariz. Const. art. 6, §§ 14–15. Instead, A.R.S. § 8–202(A) defines the point of origin within the superior court for the prosecution of a juvenile felony. Such a prosecution must commence in a juvenile division, which must make the threshold determination whether the prosecution should proceed as a delinquency in a juvenile division or be transferred to an adult division and proceed as a crime.

█ What then is the consequence when, as here, the transfer proceedings are flawed? The consequence is to deprive the adult division of personal jurisdiction over an improperly transferred defendant. *See State v. Superior Court (Clough)*, 7 Ariz.App. 170, 175, 436 P.2d 948, 953 (1968). Specifically, the faulty transfer does not deprive the superior court of subject matter jurisdiction over the crime, but rather impairs the procedural foundation for subjecting the juvenile to the criminal procedures, standards, and penalties of trial as an adult.

█ A defendant waives an objection based on lack of personal jurisdiction, however, by failing to object "no later than 20 days prior to trial." Ariz.R.Crim.P. 16.1(b), 17 A.R.S.; *Baumert*, 124 Ariz. at 545, 606 P.2d at 35. And although Rule 16.1(b) states, "[l]ack of jurisdiction may be raised at any time," this court has interpretively restricted this part of the rule to subject matter jurisdiction and subjected objections to personal jurisdiction to the 20–day rule. *Baumert*, 124 Ariz. at 545, 606 P.2d at 35.

█ Defendant did not raise lack of jurisdiction during trial; nor did he raise it on appeal until his motion to vacate our decision affirming his conviction. Were we to accept such an objection as timely at this stage, a juvenile could deliberately proceed to trial as an adult, hoping for acquittal, but reserving the possibility that, in the event of conviction, the trial would be invalidated by the ongoing juvenile appeal. Our law does not provide this option. The juvenile's motion comes too late. Because the defect is one of personal, not subject matter jurisdiction, it is waived. We therefore deny defendant's motion to vacate, and we permit the trial court's judgment and sentence to stand.

VOSS, P.J., and TOCI, J., concur.