STATE v. RAY DAVIS.

(Filed 21 October, 1942.)

**1. Assault and Battery §§ 7d, 13—**

In a prosecution for an assault with a deadly weapon, a hoe, where there was no evidence of the size, weight, length, etc., of the hoe, it was error for the trial judge to instruct the jury to convict, if they should be satisfied beyond a reasonable doubt that the defendant struck the person assaulted with a hoe.

**2. Assault and Battery §§ 12, 13—**

In a prosecution for an assault with a deadly weapon, a hoe, where there was evidence that defendant's wife was being assaulted and defendant went to her rescue and fought with her assailant, the lower court should have submitted the case with appropriate instructions as to defendant's defense of his wife and self-defense.

APPEAL by defendant from *Clement, J.,* at March Term, 1942, of WILKES. New trial.

Criminal prosecution tried on bill of indictment charging an assault with a deadly weapon, a hoe.

Defendant hired Carmie Hayes to take him and his wife to his mother's. Two others went along. On the way they stopped because of trouble with a tire. Defendant left to get a light or for some other purpose. Evidence as to what happened thereafter is sharply conflicting. Defendant offered testimony tending to show that when he returned he heard his wife calling or "hollering" and that he found Hayes making improper proposals to and assaulting her. It was dark and defendant could not see. He asked Hayes what he was doing and Hayes called him a vile name and told him that if he came down there he would shoot him. Defendant went on to him and Hayes struck him with a tire tube and knocked him down. "Ray come back up, then he went down. That was when Ray hit him with the hoe." Defendant had picked up the hoe as he returned, after hearing his wife's calls.

There was a verdict of guilty of an assault with a deadly weapon. From judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*F. J. McDuffie and Trivette & Holshouser for defendant, appellant.*

BARNHILL, J. The court below instructed the jury: "If you are satisfied beyond a reasonable doubt that the defendant assaulted Hayes with a hoe, it would be your duty to convict him of an assault with a

deadly weapon." This, in effect, assumes or holds as a matter of law that a hoe is *per se* a deadly weapon.

The evidence fails to disclose the weight, size, length or other description of the hoe. Apparently it was not offered in evidence to be viewed either by the judge or the jury. Hence, the charge must be held for error. The question should have been submitted to the jury under proper instructions. *S. v. Watkins,* 200 N. C., 692, 158 S. E., 393, and cases cited.

Defendant's evidence indicates that he was relying on his right to defend his wife, as well as himself. He offered more than a scintilla of evidence to support that plea. *S. v. Maney,* 194 N. C., 34, 138 S. E., 441. The court below inadvertently failed to apply the law of self-defense to this aspect of the testimony. *S. v. Anderson, ante,* 148.

It is not amiss to call attention to the fact that the bill of indictment is defective in that it alleges that the assault resulted in great damage to the defendant, rather than to the person assaulted. The solicitor may deem it advisable to procure another bill.

For the reasons stated there must be a

New trial.