## STATE v. MADGE HARRISON.

(Filed 23 May, 1945.)

**1. Assault and Battery § 7d—**

In a criminal prosecution for assault with a deadly weapon, a charge by the court that a commonly used implement, such as a hoe or ice pick, is *per se* a deadly weapon, with no evidence to disclose its weight, size, length, or other description, is reversible error.

**2. Same—**

Where a deadly weapon is referred to in an indictment, its use being a necessary element of the offense charged, it might be an act of proper precaution to procure another bill containing a description of the implement allegedly used, such as its weight, size and material out of which made.

APPEAL by defendant from *Olive, Special Judge,* at January Term, 1945, of GUILFORD (High Point Division).

The defendant was tried upon a bill of indictment charging that she "did unlawfully, wilfully, maliciously and feloniously assault, beat and wound one Irene Gibbs with intent to kill, with a deadly weapon, to wit, a certain ice-pick to the great damage and serious injury of the said Irene Gibbs in the following manner, to wit: Stabs on or about the body, contrary to the statute in such case made and provided, and against the peace and dignity of the State."

The evidence tended to show that the defendant, Madge Harrison, and the prosecuting witness, Irene Gibbs, engaged in a fight wherein the defendant stabbed with an ice pick the prosecuting witness about the body several times. The defendant contended that she stabbed the witness in her own proper self-defense as the witness had broken into her room in the early morning and was assaulting the defendant and committing depredations in her room. The prosecuting witness contended that she entered the room of the defendant because she (witness) heard the voice of her (witness') husband in defendant's said room, and entered said room as witness' husband left it, and that a fight ensued between the witness and defendant in which fight glass in the door and elsewhere was broken, and the defendant stuck the witness several times with an ice pick.

The jury returned a verdict "Guilty of Assault with Deadly Weapon" and from judgment of imprisonment, predicated upon the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Silas B. Casey and Rupert T. Pickens for defendant Harrison, appellant.*

SCHENCK, J. The court charged the jury, *inter alia:* "Second, it (the assault) must be with a deadly weapon, and the Court instructs you that an ice pick such as described would be a deadly weapon, as a matter of law; . . ." This excerpt from the charge is made the basis for an exceptive assignment of error, and we are constrained to hold that such assignment must be sustained.

*Barnhill, J.,* in *S. v. Davis,* 222 N. C., 178, 22 S. E. (2d), 274, writes for the Court that a charge to the effect that an assault with a hoe would be an assault with a deadly weapon was in error, since such a charge assumes or holds as a matter of law that a hoe is *per se* a deadly weapon.

The *Davis case, supra,* was similar to the instant case in many ways, particularly in that the evidence in both cases failed to disclose the weight, size, length or other description of the implement alleged, and in neither case was produced to be viewed by either judge or jury. The question as to whether the implement alleged was a deadly weapon should have been submitted to the jury under proper instructions. *S. v. Watkins,* 200 N. C., 692, 158 S. E., 393, and cases there cited.

It may not be amiss to call attention to the fact that the deadly weapon in the bill of indictment is simply designated as "a certain ice pick" without further description, and that it might be an act of proper precaution to procure another bill of indictment containing a description of

the implement alleged to have been used, such as its weight, size, and material out of which made.

For the reasons stated there must be a

New trial.