STATE OF NORTH CAROLINA v. MALGRAM BAREFOOT.
AND
STATE OF NORTH CAROLINA v. DOC J. BRANTLEY.

(Filed 22 March, 1961.)

**1. Poison § 2—**

A bill of indictment under G.S. 14-329 which fails to charge that the spirituous liquors manufactured, sold, or dealt out by defendant were to be used as a drink or beverage, is fatally defective. Further, averment that the whiskey contained "foreign properties or poisonous ingredients to the human system" is defective, the proper charge being that the whiskey contained "foreign properties or ingredients poisonous to the human system."

**2. Indictment and Warrant § 9—**

An indictment for a statutory offense should follow the language of the statute or specifically set forth the facts constituting the offense with such certainty as to advise defendant of the offense of which he is charged, prevent him from being twice put in jeopardy for the same offense, enable him to prepare for trial, and enable the court to proceed to judgment.

**3. Criminal Law § 121—**

The arrest of judgment for fatal defect in the indictment does not preclude a subsequent prosecution upon a valid bill.

APPEAL by defendants from *Fountain, Special Judge,* October Criminal Term, 1960, of WILSON.

The defendants were placed on trial on the third count in separate bills of indictment, the first two counts in each bill having been disposed of previously. The cases were consolidated for trial. The counts upon which the defendants were tried were identical except as to the names of the respective defendants. The third count in the bill of indictment against the defendant Doc J. Brantley reads as follows: "The Grand Jurors for the State upon their oath do present, that on said day and year aforesaid (the 10th day of June, A.D., 1960), at and in the County and State aforesaid Doc J. Brantley, late of said County, unlawfully and wilfully and feloniously did manufacture, sell or deal out spirituous liquors, to wit, 42 gallons of whiskey containing foreign properties or poisonous ingredients to the human system in violation of G.S. 14-329, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The jury returned a verdict of "guilty as charged," as to both defendants and the court imposed a sentence on each defendant of not less than five nor more than seven years in the State's Prison. The defendants appeal, assigning error.

*Attorney General Bruton, Asst. Attorney General H. Horton Rountree for the State.*

*Robert A. Farris; Gardner, Connor & Lee for defendants.*

DENNY, J.    Each defendant assigns as error the refusal of the court below to sustain his motion in arrest of judgment.

The indictments are bottomed on the provisions of G.S. 14-329 which, in pertinent part, reads as follows: "If any person shall manufacture, sell, or in any way deal out spirituous liquors, of any name or kind, to be used as a drink or beverage, and the same shall be found to contain any foreign properties or ingredients poisonous to the human system, he shall be guilty of a felony and shall be imprisoned in the State's prison not less than five years, and may be fined in the discretion of the court."

The bills of indictment do not follow the language of the statute in that they do not charge that defendants did manufacture, sell, or deal out spirituous liquors, *to be used as a drink or beverage,* to wit, 42 gallons of whiskey containing "foreign properties or *ingredients poisonous* to the human system, in violation of G.S. 14-329." (Emphasis added.) Instead, the bills of indictment charge that the defendants did manufacture, sell, or deal out spiritous liquors, to wit, 42 gallons of whiskey containing "foreign properties or *poisonous ingredients* to the human system in violation of G.S. 14-329 * * *." (Emphasis added.)

In our opinion, these bills as drawn do not require the State to show that any foreign properties contained in the whiskey were poisonous to the human system.

In light of the evidence offered by the State in the trial below, the bill or bills should have charged that the defendants unlawfully, wilfully and feloniously did manufacture, sell, or deal out spirituous liquors to be used as a drink or beverage, to wit, 42 gallons of whiskey, containing foreign properties and ingredients poisonous to the human system, to wit, lead salts and isopropyl alcohol, in violation of G.S. 14-329, *etc. S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381; *S. v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81; *S. v. Jones,* 242 N.C. 563, 89 S.E. 2d 129; *S. v. Helms,* 247 N.C. 740, 102 S.E. 2d 241.

In *S. v. Liles,* 78 N.C. 496, it is said: "Where the words of a statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense on the defendant, so as to bring it within all the material words of the statute * * *. Nothing can be taken by intendment." This statement was cited with approval in *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149.

In the last cited case, it is said: "An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same."

In *S. v. Greer*, 238 N.C. 325, 77 S.E. 2d 917, *Parker, J.*, speaking for the Court, said: "The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. *S. v. Cole* 202 N.C. 592, 163 S.E. 594; *S. v. Gregory*, 223 N.C. 415, 27 S.E. 2d 140; S. v. Morgan, 226 N.C. 414, 38 S.E. 2d 166; S. v. Miller, 231 N.C. 419, 57 S.E. 2d 392; *S. v. Gibbs*, 234 N.C. 259, 66 S.E. 2d 883." *S. v. Walker*, 249 N.C. 35, 105 S.E. 2d 101.

In the last cited case, this Court said: "And while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson*, 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where as here the words do not in themselves inform the accused of the specific offense of which he is accused, so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." See also *S. v. Banks*, 247 N.C. 745, 102 S.E. 2d 245.

In our opinion, in order for the State to sustain a conviction upon an indictment based on the provisions of G.S. 14-329, the State must show that the defendant did manufacture, sell, or deal out spirituous liquors, to be used as a drink or beverage, containing poisonous foreign properties or ingredients in such quantity as to be injurious or dangerous to the human system.

The assignment of error by each defendant to the refusal of the court below to sustain his motion in arrest of judgment, is sustained. The verdict and sentences of imprisonment entered below are vacated.

The State, if so advised, may proceed against the defendants upon a proper bill or bills of indictment. *S. v. Cox,* 244 N.C. 57, 92 S.E. 2d 413.

We deem it unnecessary to discuss the remaining assignments of error.

Judgments arrested.