STATE OF NORTH CAROLINA v. JAMES H. BRAXTON.

(Filed 22 September, 1965.)

**1. Assault and Battery § 14—**

The evidence in this case *held* sufficient to overrule defendant's motion for judgment as of nonsuit in this prosecution for assault with a deadly weapon with intent to kill.

**2. Assault and Battery § 15—**

It is error for the court to fail to charge upon the principle of self-defense presented by defendant's evidence.

STATE *v.* BRAXTON.

**3. Assault and Battery § 17;   Criminal Law § 131—**

An assault with a deadly weapon with intent to kill is a misdemeanor and sentence of six years in the State's prison is not warranted. G.S. 14-33.

APPEAL by defendant from *Cowper, J.,* 24 May 1965 Criminal Session of CRAVEN.

This is a criminal action in which the defendant was tried, along with his two sons, Jerry and Floyd Braxton, upon a bill of indictment charging the defendants with an assault upon Donald L. Bland with a deadly weapon, to wit, a pistol, with the felonious intent to kill and murder the said Donald L. Bland, inflicting serious injuries not resulting in death.

All the evidence tends to show that this controversy arose in connection with the nonpayment of a bill for food ordered and consumed by one of the Braxtons and his woman companion at the Bland restaurant.

The State's evidence tends to show that the prosecuting witness, Donald L. Bland, was set upon, attacked with fists and brass knuckles, injured and verbally abused by James H. Braxton with the active assistance of his two sons; that the wife of the prosecuting witness, Mrs. Bertha Elizabeth Bland, was also assaulted and abused physically and verbally by one or more of these assailants. During the course of the altercation, the prosecuting witness obtained and used his trained German Shepherd guard dog and some kind of a stick as a weapon. In the course of the altercation and while trying to make his way to the public telephone located outside his premises, for the purpose of calling for the assistance of the law enforcement authorities, the defendant, James H. Braxton, shot the prosecuting witness, seriously injuring him.

The defendant's evidence tends to show that the altercation was started by the prosecuting witness who, it is contended, put his vicious dog on James H. Braxton and his sons, and that the dog did attack them; that James H. Braxton intended to kill the dog but accidentally shot the prosecuting witness. The defendant testified that at the time he fired the shot which hit the prosecuting witness, the dog of the prosecuting witness was attacking one of his sons.

The court directed a verdict of not guilty as to Jerry and Floyd Braxton.

The jury found the remaining defendant "Guilty of Assault with a Deadly Weapon with Intent to Kill." The court imposed a sentence of six years in the State's prison. The defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Richard T. Sanders for the State.*

STATE *v.* COX.

*Robert D. Wheeler, Wallace & Langley for the defendant.*

PER CURIAM. The appellant assigns as error the failure of the court below to sustain his motion for judgment as of nonsuit. In our opinion, the State's evidence was sufficient to require its submission to the jury, and this assignment of error is overruled.

The defendant assigns as error the failure of the trial judge to charge on self-defense. The State concedes error in this respect. *S. v. Greer,* 218 N.C. 660, 12 S.E. 2d 238; *S. v. Davis,* 222 N.C. 178, 22 S.E. 2d 274; *S. v. Todd,* 264 N.C. 524, 142 S.E. 2d 154.

The appellant likewise assigns as error the imposition of a sentence of six years in the State's prison on the verdict rendered by the jury. An assault with a deadly weapon with intent to kill is a misdemeanor. G.S. 14-33; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Silvers,* 230 N.C. 300, 52 S.E. 2d 877; *S. v. Troutman,* 249 N.C. 395, 106 S.E. 2d 569.

The defendant is entitled to a new trial and it is so ordered.

New .trial.