STATE v. JOHN FISHER AND BRADFORD LITTLE.

(Filed 10 May, 1967.)

**1. Criminal Law § 16—**

In those counties in which the Superior Court has concurrent jurisdiction of misdemeanors, G.S. 7-64. the court first acquiring jurisdiction of a particular case retains jurisdiction thereof, subject to appellate review.

**2. Same—**

Warrant was issued in the Recorder's Court of Columbus County charging a misdemeanor. Defendant paid into that court the jury fee and demanded a jury trial. Through inadvertence the case was transferred to the Superior Court, and defendant moved that the cause be remanded to the Recorder's Court. *Held:* The motion to remand to the Recorder's Court should have been allowed.

**3. Courts § 2—**

Jurisdiction of a court over the subject matter may not be conferred by the parties by consent, waiver, or estoppel.

STATE *v.* FISHER.

**4. Property § 4—**

    A warrant which fails to charge that defendants unlawful and wilful injury or damage to property was malicious, is fatally defective, and judgment thereon will be arrested *ex mero motu.* G.S. 14-127.

APPEAL by defendant Fisher from *Carr, J.,* September Criminal Session 1966 of COLUMBUS.

Criminal prosecution upon an indictment containing two counts. The first count charges John Fisher and Bradford Little on 22 April 1966 with unlawfully and wilfully assaulting I. A. Matthews with deadly weapons, to wit, a rifle and a shotgun, and inflicting upon him "great damage." The second count charges the same defendants at the same time with unlawfully and wilfully (the second count leaves out the word "maliciously") greatly injuring, defacing and damaging a certain *store building* (emphasis ours), the property of one I. A. Matthews, by shooting the said store building with a rifle and a shotgun, the said damage being in an amount in excess of $10.00.

When the case was called for trial, before pleading to the indictment, defendants made a motion to remand the case to the Recorder's Court of Columbus County for trial for the following reasons: The criminal prosecution in the instant case was initiated by a warrant sworn out 23 April 1966 in the court of a justice of the peace of Columbus County by I. A. Matthews charging defendants on 22 April 1966 with unlawfully and wilfully assaulting I. A. Matthews with deadly weapons, to wit, a rifle and a shotgun, with the felonious intent to kill and murder I. A. Matthews, "causing an estimated damage of one hundred fifty and no/100 dollars to the *personal* property of I. A. Matthews." (Emphasis ours.) This warrant was executed on 26 April 1966.

On 26 April 1966 defendants requested in writing that the hearing of the case against them be transferred to the Recorder's Court of Columbus County. On 16 May 1966 defendants, pursuant to Chapter 147, Session Laws 1947, demanded a jury trial in the Recorder's Court of Columbus County of the case against them in that court, and paid into that court a jury fee of $25.00 each as required by that statute. The request for a jury trial was granted.

At the next sitting of the Recorder's Court for jury trials, the "jacket" of the case against defendants in that court shows that in the Recorder's Court "jury trial was waived and the case was transferred to Superior Court." Counsel for defendants stated in his motion aforesaid that defendants were in custody and that it did not make any difference to him whether or not the case against defendants was tried in the Recorder's Court or the Superior Court. Coun-

sel for defendants stated to Judge Carr in his motion that the Recorder's Court had the case first and had jurisdiction.

Judge Carr denied defendants' motion, and ·defendants excepted.

Then the defendants pleaded not guilty. At the end of the State's evidence, defendant Little's motion for judgment of compulsory nonsuit was allowed. A similar motion by defendant Fisher was denied. Verdict as to Fisher: guilty as charged of assault with a deadly weapon and "guilty of malicious injury to real property of $10.00 or less."

From a judgment of imprisonment for eighteen months on the first count in the indictment, and from a judgment of imprisonment for thirty days on the second count in the indictment to run concurrently with the first count in the indictment, defendant Fisher appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*

*D. F. McGougan, Jr., for defendant appellant.*

PARKER, C.J. Defendant Fisher assigns as error the denial of the motion by both Little and himself to remand the proceeding back to the Recorder's Court of Columbus County for a jury trial. Little does not appeal.

Defendant Fisher in his brief contends, and the State in its brief admits, that the Recorder's Court of Columbus County and the Superior Court of Columbus County have concurrent jurisdiction over all misdemeanor cases arising in Columbus County.

G.S. 7-64 reads in relevant part:

"In all cases in which by statute original jurisdiction of criminal action has been, or may hereafter be, taken from the superior court and vested exclusively in courts of inferior jurisdiction, such exclusive jurisdiction is hereby divested, and jurisdiction of such actions shall be concurrent and exercised by the court first taking cognizance thereof."

This statute applies to Columbus County.

We have held repeatedly and uniformly, and G.S. 7-64 expressly states, in criminal actions where two courts have concurrent jurisdiction the court first acquiring jurisdiction of a case, its power being adequate to the administration of complete justice, retains its jurisdiction of the case and may dispose of the whole case, subject to appellate review, and no court of co-ordinate authority is at liberty to interfere with its action. This principle is essential to the orderly administration of the law, and is enforced to avoid un-

seemly, expensive and dangerous conflicts of jurisdiction and process. *S. v. Parker*, 234 N.C. 236, 66 S.E. 2d 907, and cases cited; *S. v. Reavis*, 228 N.C. 18, 44 S.E. 2d 354; *S. v. Everhardt*, 203 N.C. 610, 166 S.E. 738; 1 McIntosh, N. C. Practice and Procedure, 2d ed., § 162; 20 Am. Jur., Courts, § 128; 21 C.J.S., Courts, § 492. See also, *S. v. Clayton*, 251 N.C. 261, 111 S.E. 2d 299.

The Recorder's Court of Columbus County took jurisdiction over the offenses charged in the warrant in the instant case against defendants before the Superior Court of Columbus County did, and both offenses charged in the warrant were misdemeanors, to wit: an assault upon I. A. Matthews with deadly weapons, to wit, a rifle and a shotgun, with the felonious intent to kill and murder him, *S. v. Gregory*, 223 N.C. 415, 27 S.E. 2d 140; *S. v. Braxton*, 265 N.C. 342, 144 S.E. 2d 5, and damage to personal property of I. A. Matthews, G.S. 14-160. The warrant does not charge "a wanton and malicious" injury to personal property. Consequently, the Recorder's Court of Columbus County acquired exclusive jurisdiction over the subject matter of the case set forth in the warrant to proceed further in the case.

It is well established law that the parties cannot, by consent, give a court jurisdiction over *subject matter* of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver or estoppel. *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673, and the numerous cases there cited; *In re Custody of Sauls*, 270 N.C. 180, 154 S.E. 2d 327; 20 Am. Jur. 2d, Courts, § 95; 21 C.J.S., Courts, § 85; 1 Strong's N. C. Index, Courts, § 2. Where a court lacks jurisdiction over *a party*, see 20 Am. Jur. 2d, Courts, § 97.

Jurisdiction is essential to a valid judgment. *Baker v. Varser*, 239 N.C. 180, 79 S.E. 2d 757. The Superior Court of Columbus County was without jurisdiction to render the judgment of imprisonment for eighteen months as to Fisher on the first count in the indictment, and the verdict and judgment are vacated. Jurisdiction to try the charge of assault with deadly weapons, to wit, a rifle and a shotgun, upon I. A. Matthews with intent to kill and murder him is vested in the Recorder's Court of Columbus County.

The warrant in the instant case defectively charges damage to personal property of I. A. Matthews, a violation of G.S. 14-160. The indictment in the instant case in the second count defectively charges damage to real property of I. A. Matthews, a violation of G.S. 14-127 — two different offenses. All the evidence in the case showed damage to a building. The Superior Court of Columbus County first took jurisdiction over the offense defectively charged

in the second count in the indictment of an injury to a building, real property.

The judgment on the second count in the indictment is arrested, *ex mero motu,* for the reason that the second count in the indictment is fatally defective in failing to charge a malicious injury to real property, G.S. 14-127, and the verdict as returned on the second count in the indictment of "guilty of malicious injury to real property of $10.00 or less" is not sufficient to support the judgment on the second count in the indictment, a fatal defect appearing on the face of the record proper. *S. v. Barefoot,* 254 N.C. 308, 118 S.E. 2d 758.

Judgment on the first count in the indictment vacated. Judgment on the second count in the indictment arrested.