FRANCINE D. DEGREE v. WALTER B. DEGREE

No. 8418DC524

(Filed 5 February 1985)

**Divorce and Alimony § 21.6; Husband and Wife § 11— separation agreement not included in court order—no jurisdiction of court to modify alimony provisions**

The trial court had no jurisdiction to modify the alimony provisions of the parties' separation agreement which was not incorporated into a court order but remained a contract between the parties; moreover, the parties' stipulation in a pretrial conference that the court had jurisdiction of the parties and the subject matter was ineffective to confer jurisdiction upon the court, since the parties to an action cannot by consent give a court jurisdiction over subject matter of which it would not otherwise have jurisdiction.

APPEAL by defendant from *Lowe, Judge.* Judgment entered 9 November 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 11 January 1985.

The parties to this action were formerly husband and wife. They entered into a separation agreement on 16 June 1978 and were divorced on 20 March 1979. The provisions of the separation agreement were not incorporated into any court order. On 18 September 1980, plaintiff filed this civil action seeking enforcement of, and an increase in, the child support provisions of the separation agreement. An order was entered on 30 December 1980 by the court increasing defendant's support obligations.

On 29 June 1983 plaintiff filed a motion in the cause to enforce the alimony provisions of the separation agreement. Defendant responded and moved to dismiss on the ground that the motion was improperly before the court. The court denied defendant's motion to dismiss and ordered that plaintiff's motion be treated as a "supplemental complaint" pursuant to Rule 15(d) of the North Carolina Rules of Civil Procedure. Defendant filed an answer and counterclaim to the supplemental complaint wherein he admitted his failure to make alimony payments pursuant to the separation agreement and asserted as an affirmative defense plaintiff's alleged cohabitation with another male to whom she was not married. Defendant's counterclaim asserted that the alleged cohabitation was contrary to the terms of the separation agreement thereby ending his alimony obligations. Defendant also sought damages based on plaintiff's acceptance of alimony payments for a period in excess of three years during which the alleged cohabitation was taking place.

The case proceeded to trial. The jury returned a verdict favorable to plaintiff, and judgment was entered thereon. Defendant moved for a new trial on the grounds of manifest disregard by the jury of the court's instructions and that the verdict was contrary to law. Defendant's motion was denied and he has appealed.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith and John A. Dusenbury, Jr., for plaintiff appellee.*

*Harold F. Greeson, by Constance L. Floyd, for defendant appellant.*

MARTIN, Judge.

The issue on appeal is whether the District Court of Guilford County should have assumed jurisdiction, in this case, to enforce alimony provisions of the 1978 separation agreement. We conclude the court had no jurisdiction to hear the matter of alimony enforcement.

Plaintiff's "supplemental complaint" was clearly a motion in the cause to modify the alimony provisions of the 1978 separation agreement. However, the separation agreement was not incorporated into a court order, but rather remained a contract between the parties. As such, it was enforceable only as an ordinary contract, *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964), and the court was without power to modify it except for the court's power to provide for adequate support for minor children, absent the mutual consent of both parties thereto. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963); *McKaughn v. McKaughn*, 29 N.C. App. 702, 225 S.E. 2d 616 (1976).

Although the parties stipulated in a pre-trial conference "that the court has jurisdiction of the parties and of the subject matter," we find such to be ineffective in conferring jurisdiction upon the court. A stipulation by the parties that the court has jurisdiction of the matter of alimony enforcement does not confer jurisdiction since the parties cannot, by consent, give a court jurisdiction over subject matter of which it would not otherwise have jurisdiction. *See State v. Fisher*, 270 N.C. 315, 154 S.E. 2d 333 (1967); *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). Consequently, the trial court erred in denying defendant's motion to dismiss and in treating plaintiff's motion as a supplemental pleading pursuant to Rule 15(d) of the North Carolina Rules of Civil Procedure. Therefore, the judgment of the trial court is vacated and the action dismissed.

Vacated and dismissed.

Judges BECTON and JOHNSON concur.