McCULLOUGH, Judge.
The issues raised in this appeal pertain to the following undisputed facts. On 19 March 1999, Mr. James Danai (plaintiff) and Ms. Ellen Danai (defendant) were divorced by judgment entered in Wake County District Court. On 3 March 1999, prior to the divorce judgment, the two parties entered into a marital separation agreement (the "original separation agreement"), which addressed issues between the parties related to the cessation of the marriage, including alimony. Within the original separation agreement, a clause allowed it to be modified by written consentof the parties or by an order of a court of competent jurisdiction. The agreement was never incorporated into a court order.
On 4 February 2000, an order was issued in Wake County District Court finding that plaintiff had breached this agreement. Among those things ordered by the district court was for the parties to cooperate in preparing and entering a qualified domestic relations (QDR) order as required by the original separation agreement. Thereafter, defendant's counsel at the time prepared the QDR order which was accepted and entered in the Wake County District Court. However, the pension plan administrator of defendant's employer, Nortel Network ("Nortel"), rejected the QDR in the spring of 2000. Subsequent to Nortel's rejection, plaintiff was then called back to the office of defendant's counsel, where on 29 August 2000 he signed a two-page modification to the separation agreement (the "modified separation agreement"). There is forecast evidence that plaintiff signed an amended QDR order months after he signed the modified separation agreement, which was accepted by Nortel.
Plaintiff brought the following claims against defendant on 6 February 2003: rescission of the original separation agreement based on unconscionability; equitable distribution; rescission of the modified separation agreement based on mistake or unconscionability; and amendment of the modified separation agreement. In her answer, defendant brought a counterclaim for breach of the modified separation agreement and attorney's fees as provided under the original and modified separation agreement. Plaintiff voluntarily dismissed his claims of rescission of the original separation agreement and equitable distribution.
The trial court granted summary judgment in favor of the defendant, denying all of plaintiff's claims as a matter of law. The court concluded that it lacked subject matter jurisdiction over plaintiff's claim for modification of the separation agreement. The court found no issue of fact as to plaintiff's claim for rescission of the modified separation agreement based on unconscionability, and granted summary judgment in favor of defendant on that claim. The court granted summary judgment in favor of defendant's request for attorney's fees, awarding fees for the defense of plaintiff's claims in the amount of $4,475.00. Finally, the court "retain[ed] jurisdiction over the parties and the subject matter as it relates to the defendant's counterclaim for breach of contract."
Plaintiff now appeals, raising four issues: Issues (I) & (II) relate to whether the trial court erred in finding that it lacked subject matter jurisdiction to amend the modified separation agreement; and issues (III) & (IV) relate to whether the court erred in awarding attorney's fees.
Initially, we note that this is an appeal from an interlocutory order because the trial court's order did not dispose of the cause of action as to all claims. See N.C. Gen. Stat. § 1A-1 (2003), Rule 54(a) and (b) of the N.C. Rules of Civil Procedure. Both N.C. Gen. Stat. § 1-277(a) (2003) and N.C. Gen. Stat. § 7A-27(d) (2O03) provide for the appeal of any order - final or interlocutory - which affects a substantial right of a party.Whitehurst v. Corey, 88 N.C. App. 746, 747, 364 S.E.2d 728, 729 (1988). "No hard and fast rules exist for determining which appeals affect a substantial right." Cagle v. Teachy, 111 N.C. App. 244, 246, 431 S.E.2d 801, 802 (1993). This Court has held that we "must determine whether denial of immediate review exposes a party to multiple trials with the possibility of inconsistent verdicts[,]" thus implicating a substantial right. Creek Pointe Homeowner's Ass'n v. Happ, 146 N.C. App. 159, 162, 552 S.E.2d 220, 223 (2001) (citations omitted). In the case at bar, there is a chance of inconsistent judgments. If we deny review of plaintiff's rescission and modification claims, and defendant prevails on her counterclaim for breach of the modified separation agreement, upon appeal by plaintiff from defendant's judgment this Court would be in the potential position of affirming the defendant's judgment for breach, but remanding the case on plaintiff's claim of modification and rescission. This creates the chance, though slight, for inconsistent judgments-awarding defendant for breach of a separation agreement that a later judgment deems to have been modified or rescinded. Therefore, we treat the order as immediately appealable pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d) and proceed to address the merits of plaintiff's arguments as presented.
Subject Matter Jurisdiction
Plaintiff first contends that it was within the trial court's jurisdiction to amend the modified separation agreement. The basis of his argument is that the agreement itself conferred jurisdictionupon the trial court to amend the modified separation agreement. In the alternative, he argues that the separation agreement was incorporated into a court order. We do not find merit in his arguments.
Alimony provisions of a separation agreement that have not been incorporated into a court order are enforceable only as an ordinary contract and cannot be modified by the court. DeGree v. DeGree, 72 N.C. App. 668, 670, 325 S.E.2d 36, 37, disc. review denied, 313 N.C. 598, 330 S.E.2d 607 (1985); N.C. Gen. Stat. § 50-16.9(a) (2003) (stating that only "[a]n order of a court of this State for alimony or postseparation support . . . may be modified or vacated"). (Emphasis added.) Furthermore, the agreement itself cannot confer to a court of competent jurisdiction the power to modify an unincorporated agreement, and the agreement can only be modified by the consent of both parties. DeGree, 72 N.C. App. at 670, 325 S.E.2d at 37 ("Although the parties stipulated in a pre-trial conference `that the court has jurisdiction of the parties and of the subject matter,' we find such to be ineffective in conferring jurisdiction upon the court.").
For the instant case, the law is clear and longstanding that because the modified separation agreement was never incorporated into a court order, the court is without jurisdiction to modify the agreement. This is true, regardless of the fact that paragraph 16 of the original separation agreement stated that "[t]his Agreement may be amended and modified in whole or in part . . . by order of a Court of competent jurisdiction." In the alternative, plaintiff claims that the 4 February 2000 order for breach of the original separation agreement, in effect, incorporated the terms of that agreement into a court order thus giving the court jurisdiction to modify the agreement. We do not agree.
In the 4 February 2000 order, the court concluded as a matter of law that plaintiff had breached the original separation agreement. Pursuant to his breach, the court ordered specific performance of the agreement, payment of attorney's fees, and that defendant was entitled to payment of amounts expended by her as a result of plaintiff's breach. There is no determination by the court, or request by the parties, that the separation agreement be incorporated by court order. The 4 February 2000 order is clearly applying contract analysis to plaintiff's breach, and granting contract remedies of specific performance and consequential damages to defendant. Were we to find that a court's enforcement of a separation agreement by applying contract remedies acted as a de facto incorporation of an otherwise unincorporated agreement, we, in effect, would force a level of jurisdiction over separation agreements not desired or intended by the parties to the agreement and which would infringe on their freedom to contract. Thus, neither the original nor the modified separation agreement were ever incorporated by the 4 February 2000 order.
The lower court was correct in finding as a matter of law that it lacked jurisdiction to modify the separation agreement. Furthermore, the court was correct and consistent therewith indetermining that it had jurisdiction over the parties and subject matter relating to the modified separation agreement for plaintiff's claim for rescission, and defendant's claim for breach, as this was a private contract.
Therefore, all assignments of error on this issue are overruled.
Attorney's Fees
Plaintiff next assigns as error the trial court's grant of attorney's fees in favor of defendant in the amount of $4,475.00. Plaintiff argues that his claims raise justiciable issues in regard to N.C. Gen. Stat. § 6-21.5 (2003) (the relevant statute for awarding attorney's fees against parties pursuing nonjusticiable claims), and therefore attorney's fees in this case are inappropriate. He argues further that the record does not show upon what legal or factual basis attorney's fees were awarded. Defendant alleges that each of plaintiff's claims were nonjusticiable and therefore attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 were properly ordered by the court. While we agree the court did not err in awarding attorney's fees, we find that the court's award was pursuant to the separation agreement itself, and not pursuant to N.C. Gen. Stat. § 6-21.5.
In her counterclaim, defendant requested attorney's fees pursuant to the terms of the separation agreement. Both the original and the modified separation agreement included the following in paragraph no. 15:
EXECUTION OF THE AGREEMENT
Both parties agree, on the demand of the other, to execute or deliver any instrument, furnish any information, or perform any other act reasonably necessary to carry out the provisions of this Agreement without undue delay or expense. Either party who fails to comply with the provisions of this paragraph shall reimburse the other party for any expense, including Court costs, attorney's fees, and travel expenses which as a result of this failure, become reasonably necessary to carry out this Agreement. The parties agree that specific performance is a proper remedy for any breach of this action and may be used in addition to any other remedies available to the parties.
(Emphasis added.) Our Supreme Court has held that such provisions of separation agreements are to be given legal effect and are enforceable because they are in conformance with public policy:
The enforcement of provisions for the recovery of attorney's fees in settlement agreements helps ensure that provisions for support of children and dependent spouses in those agreements will be enforced by allowing a party to the agreement to seek enforcement in a court of law and to recover the legal expenses associated with that enforcement. Thus, parties would not be disadvantaged by choosing to resolve these issues privately in a settlement agreement instead of pursuing a court action for child support or custody or for alimony in which attorney's fees may be granted under N.C.G.S. §§ 50-13.6 and 50-16.4. We conclude that the public policy of this State encourages settlement agreements and supports the inclusion of a provision for the recovery of attorney's fees in settlement agreements.
Bromhal v. Stott, 341 N.C. 702, 705, 462 S.E.2d 219, 221, reh'g denied, 342 N.C. 418, 465 S.E.2d 536 (1995) (analyzing a separation agreement). In the case at bar, though plaintiff brought the claims initially, his claims were in direct contravention of the terms of both the original and the modified separation agreements. Plaintiff sought to amend the modified separation agreement, rescind both the original and modified separation agreement, and institute an action for equitable distribution which had been expressly waived in the original and modified agreement. We find these claims are a sufficient attempt to frustrate the separation agreement's terms, thereby creating a proper basis to award attorney's fees under the separation agreement.
Furthermore, we find the amount of the fee to be proper, and undisputed by plaintiff. Defendant's counsel filed an affidavit setting out an itemization of the fee, and that affidavit was uncontested. Therefore, all assignments of error on this issue are overruled.
Having reviewed the record, briefs, and transcripts thoroughly, we find the lower court's order was issued without error, and hereby
Affirm.
Judges HUDSON and LEVINSON concur.
Report per Rule 30(e).