414 P.2d 740

**Alfred ROJAS, Petitioner,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Court Administrator, and the State of Arizona, real parties of interest, Respondents.**

**No. 8777.**

Supreme Court of Arizona,

En Banc.

May 18, 1966.

Vernon B. Croaff, Public Defender, Howard Schwartz, Deputy Public Defender, Phoenix, for petitioner.

Robert K. Corbin, County Atty., Ronald I. Rubin, Deputy County Atty., Darrell F. Smith, Atty. Gen., Phoenix, for respondents.

LOCKWOOD, Justice.

Petitioner Rojas (hereafter called defendant) applied to this Court for a Writ of Prohibition directed to the Superior Court of Maricopa County, and the Court Administrator. He asked that they be prohibited from placing his name on the arraignment calendar and from holding an arraignment or trial in his case. The matter was heard before this Court on Tuesday, May 10, 1966, at the conclusion of which the Court issued a peremptory writ in the following language:

"A Peremptory Writ of Prohibition is GRANTED, prohibiting the Superior Court of Maricopa County from proceeding further in this cause except for an appropriate hearing under Rule 238, Rules of Criminal Procedure, to determine whether the Maricopa County Superior Court shall order that further prosecution be instituted."

The basis of defendant's application for relief by prohibition is the right to a speedy trial as guaranteed by the Arizona Constitution, Article II, § 24, A.R.S., and Rule 236 of the Rules of Criminal Procedure, 17 A.R.S. Rule 236 reads as follows:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, *unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action.* When good cause is shown, the action

may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties." (Emphasis supplied.)

Alfred Rojas was arrested on January 3, 1966 on a complaint charging him with the felony of assault with a deadly weapon, and he was lodged in the Maricopa County Jail. Thereafter the victim of the alleged assault having died, a complaint charging defendant with the crime of murder was filed, and a preliminary hearing held on January 20, 1966 before a Justice of the Peace. The Public Defender's Office was appointed to represent the defendant at the preliminary hearing, and he was held to answer to the Superior Court. An information charging murder was filed against him on January 27, 1966 being cause No. 48216 in the Superior Court of Maricopa County, Arizona. His name was placed on the arraignment calendar of Maricopa County by the Court Administrator for February 2, 1966.

On February 2, 1966 defendant came before the Honorable Edwin Thurston, Judge of the Superior Court for arraignment. At this time the Public Defender's Office was appointed to continue representing him. The Deputy Public Defender at that time orally requested a two day continuance for the purpose of determining whether petitioner was still indigent, wished to hire private counsel, or had any other intentions prior to being arraigned. The Court granted the request and ordered petitioner to be arraigned at 9:00 A.M. on February 4, 1966.

Petitioner's name was not placed on the arraignment calendar for February 4, 1966, as ordered by Judge Thurston, nor did his name ever appear until after a motion to dismiss the charge was made by the Public Defender's Office on March 29, 1966, sixty-one days after the information had been filed.

The motion to dismiss was opposed by the County Attorney's Office, and at an oral hearing before the Honorable R. C. Stanford, Jr., Judge of the Superior Court of Maricopa County, held on April 6, 1966 both sides having presented their arguments, the motion was denied.

On April 7, 1966 defendant, represented by counsel from the Public Defender's Office, appeared before the Honorable Donald F. Daughton, Judge of the Superior Court of Maricopa County, and stood mute upon arraignment. The Court entered a plea of not guilty on behalf of the defendant and set the matter for trial on April 26, 1966. The record shows that the defendant did not waive the sixty day period.

Defendant argues that he was denied a speedy trial since he was not brought to trial within sixty days after the filing of the information, nor did it appear that this failure was because of good cause shown by affidavit, or by reason of the defendant's

consent or by his action, according to the exceptions provided by Rule 236. On the oral argument before this Court, it was stipulated by both counsel that at the hearing on the motion to dismiss, on April 6, 1966 the Court Administrator for Maricopa County, testified that his office neglected and failed to place defendant's name on the arraignment calendar on February 4, 1966 or thereafter, as ordered by the Court on February 2, 1966.

Counsel for respondents does not base his opposition to defendant's claim for relief on the question of good cause for delay or consent by the defendant but rather urges that the delay falls within the third exception to the rule, viz., action by the defendant causing the delay. His rationale is that when the representative of the Public Defender's Office, who had been appointed to represent defendant on February 2nd, the original date set for his arraignment, asked for a two day delay, this was "an action by the defendant" which caused the subsequent delay in bringing the defendant for arraignment and trial beyond the sixty day period from the filing of the information.

■ Respondent's argument is that the representative of the Public Defender's Office had plenty of time prior to the date set for arraignment to interview the petitioner so that the two day continuance on the arraignment was unnecessary, and therefore it was the fault of the defendant, who could have cured the situation by requesting to be arraigned for a trial within the sixty day period. With this reasoning we do not agree. The trial court fixed the date for arraignment, and the burden of proceeding was upon the state. This Court has held that an accused need not demand a trial in order to avail himself of the protection of Rule 236. Norton v. Superior Court, 100 Ariz. 65, 411 P.2d 170 (Feb. 10, 1966); State v. Maldonado, 92 Ariz. 70, 373 P.2d 583, cert. denied, Maldonado v. Eyman, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236 (1962); State v. Carrillo, 41 Ariz. 170, 16 P.2d 965 (1932).

■ The language of Rule 236 is specific: "the prosecution *shall* be dismissed" if the defendant is not brought to trial within the sixty days after the indictment found or the information filed, unless (1) good cause for failure to do so is shown, (2) the action has not proceeded to trial because of defendant's consent, or (3) by his action. It being conceded here that no good cause was shown, and it appearing that the defendant did not consent to the continuance nor cause it by action on his part, the Superior Court had no alternative but to grant the motion to dismiss.

The peremptory writ of prohibition heretofore issued is made permanent.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.