No. 45,801

LAWRENCE EUGENE INGRAM, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

(465 P. 2d 925)

Opinion filed March 7, 1970.

*George E. Mallon*, of Kansas City, argued the cause, and *James P. Nordstrom*, also of Kansas City, was with him on the brief for the appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The petitioner, Lawrence Eugene Ingram, has appealed from a judgment denying relief in an action brought pursuant to the provisions of K. S. A. 60-1507. This case has previously been before the court on a direct appeal from the judgment of conviction. Our decision in that case is reported in *State v. Ingram,* 198 Kan. 517, 426 P. 2d 98.

In February, 1966, this petitioner was tried on charges of burglary and grand larceny. He was convicted on the larceny charge alone and was sentenced under the habitual criminal act. Subsequently, Ingram filed this action which attacks the validity of the sentence imposed against him. Following an evidentiary hearing at which the petitioner was personally present, the district court denied relief and the present appeal was then taken.

Although the petitioner has listed three points in his brief, they may be consolidated as follows: (1) The jury was guilty of mis-

conduct resulting in a compromise verdict. (2) The jury was coerced into reaching a verdict through the means of a coercive or "dynamite" instruction.

Four members of the jury which convicted the defendant were present and testified at the 60-1507 hearing. All were in agreement that from the beginning of the jury's deliberations, nine of the jurors were for conviction on both counts charged against the defendant while three were for acquittal, and that this division persisted until the final ballot was cast.

Each of the three jurors who initially voted for acquittal testified, without objection by the state, that they finally agreed to a verdict of guilty on the larceny charge, not because they believed the defendant was guilty, but because they felt that in case of a hung jury the defendant might be retried and found guilty of both charges. These three jurors characterized their verdict as a compromise and each professed to have believed Mr. Ingram innocent of both charges.

This court has long followed the rule that a juror may not impeach the verdict in which he himself joined by the giving of testimony as to the reasoning employed by the jury in reaching its decision or what may have influenced the mental processes by which he and his fellow jurors arrived at their verdict. (See cases in 5 Hatcher's Kansas Digest [Rev. Ed.], Trial, § 316.) This salutary rule of law, fashioned by judicial decision, has been incorporated into the statutory law of this state by the provisions of K. S. A. 60-441:

"Upon an inquiry as to the validity of a verdict or an indictment no evidence shall be received to show the effect of any statement, conduct, event or condition upon the mind of a juror as influencing him to assent to or dissent from the verdict or indictment or concerning the mental processes by which it was determined."

See, also, *Kincaid v. Wade*, 196 Kan. 174, 410 P. 2d 333; *Brown v. Hardin*, 197 Kan. 517, 523, 419 P. 2d 912.

To engage in a dissertation, at this late date, on the many valid reasons for the rule would simply be to repeat what this court has often said on the subject. It is sufficient here to observe that retention of the rule is essential if the integrity and the finality of jury verdicts are to be preserved.

None of the evidence introduced by the petitioner related to extrinsic misconduct, that is, to physical facts, conditions or activities bearing upon or influencing the jury in its determination of

the issue of guilt or innocence. The testimony of those jurors who would now compromise their verdict relates solely to the reasoning process by means of which they arrived at and acquiesced in the verdict. This evidence was not competent for the purpose of impugning the verdict.

As to the second point raised by the petitioner it is only necessary to point out the propriety of the so-called "Allen" or "dynamite" instruction was directly raised and passed upon adversely to petitioner in his former appeal. Our rules specifically provide that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal. (Rule No. 121 (c) (3), 201 Kan. xxxiii.) We have zealously adhered to this principle throughout our decisions (*King v. State,* 200 Kan. 461, 436 P. 2d 855; *Holt v. State,* 202 Kan. 759, 451 P. 2d 221) and we discern naught in the circumstances of this case which would justify us in making an exception to the rule.

The judgment of the trial court is affirmed.