No. 46,097

STATE OF KANSAS, *Appellee,* v. GENE MORGAN, *Appellant.*

(485 P. 2d 1371)

Opinion filed June 12, 1971.

*David R. Hederstedt,* Lyndon, argued the cause, and *Clyde M. Burns,* Lyndon, was with him on the brief for the appellant.

*Adrian M. Farver,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: In this appeal from a conviction of the offense of forcible rape as defined by K. S. A. 21-424, defendant asserts three contentions of alleged error.

The first is that the verdict of the jury was contrary to the evidence.

The details of the incident need not be related. Highly summarized—the state's evidence established the following: The prosecutrix lived in Osage City. At about 5:30 on the morning of May 18, 1969, defendant went to her home and advised her that her boy-friend was in jail in Emporia on a drunk-driving charge and that he wanted to see her. Defendant offered to drive her to Emporia. About 7:00 that morning they started out—but never reached Emporia. Instead, a few miles out of Osage City defendant turned off on a country road. Following a scuffle in the car, including force and threats of physical violence—defendant

forced himself upon her and had sexual intercourse. He then drove her back to her home. She told no one about the matter until that evening—when she reported it to the sheriff.

Defendant contends that as there was no evidence of torn clothing or bruises on prosecutrix—and that as she did not report the incident until that evening—the only conclusion to be drawn is that if the incident did in fact occur—it was with her consent and not against her will.

We have no doubt but that these matters were argued to the jury, and we find no merit in the contention the verdict was contrary to the evidence. The testimony of prosecutrix was that she was forcibly ravished—and her credibility was a question for the jury (*State v. Wade*, 203 Kan. 811, 457 P. 2d 158).

It next is contended the court erred in admitting the testimony of two other women to the effect they had been forcibly raped by defendant under somewhat similar circumstances. One of these incidents occurred about two years prior and the other about five months subsequent to the alleged rape here in question. Defendant had not been convicted of either of those offenses.

The contention is without merit. The name of one of the women was endorsed on the information as a witness at the time it was filed. The name of the other was endorsed several days before trial—and defendant was in no position to claim surprise. Their testimony was admissible under K. S. A. 60-455 as showing identity, guilty knowledge, motive, intent and plan—and the jury was given a proper limiting instruction. Further, such evidence was not inadmissible on the ground defendant had not been convicted of the alleged offenses, or on the ground that one of them had occurred subsequent to the one here in question (*State v. Darling*, 197 Kan. 471, syl. 3 and 4, 419 P. 2d 836 and *State v. Miller*, 204 Kan. 46, 48, 460 P. 2d 564).

Finally, it is contended a new trial should have been granted because one of the jurors allegedly failed to follow the instruction with respect to defendant's failure to testify. At the hearing on the motion for a new trial defendant sought to show by the testimony of this juror that there was discussion in the jury room to the effect that defendant did not testify—thus the jury was "under the impression that he might have been guilty".

K. S. A. 60-441 provides that upon an inquiry as to the validity of a verdict no evidence shall be received to show the effect of any

statement, conduct, event or condition upon the mind of a juror as influencing him to assent to the verdict or concerning the mental processes by which it was determined. At the hearing in question evidence as to the alleged "mental processes" by which the jury arrived at a verdict of guilty was properly excluded (*Ingram v. State*, 204 Kan. 836, 465 P. 2d 925 and *State v. Schroeder*, 201 Kan. 811, 822, 443 P. 2d 284).

We find no error in the record and the judgment is affirmed.