542 P.2d 413

The STATE of Arizona, Appellee,

v.

Charles Edward LEE, Appellant.

No. 1 CA–CR 1077.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 18, 1975.

Rehearing Denied Jan. 9, 1976.

**222**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Martin, Feldhacker, Friedl & Johnson by William J. Friedl, Phoenix, for appellant.

## OPINION

OGG, Presiding Judge.

After a trial by jury, appellant was convicted of burglary, second degree, and sentenced to not less than two nor more than four years in the state prison. On appeal he raises three issues:

1. Whether the prosecution against him should have been dismissed because he was not brought to trial within 150 days after the issuance of the warrant for his arrest.

2. Whether the trial court committed reversible error by admitting evidence of two prior crimes on the grounds that they tended to establish a common scheme or plan.

3. Whether the trial court should have granted appellant's motion for a directed verdict of acquittal because of lack of evidence.

As to appellant's first ground, the burglary occurred on March 4, 1974. The warrant for appellant's arrest was issued on May 7, 1974. However, appellant was not arrested until August 28, 1974. The trial was originally set for November 1, but was reset for December 5 and then for December 12, apparently on the court's own motion. At defendant's request it was continued until December 13. On the day of the trial appellant moved for a dismissal on the ground that the Arizona speedy trial rules had been violated.

The Rules of Criminal Procedure in effect at the time of appellant's trial provided:

> "Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the issuance of a warrant or summons under Rule 3.1 except for those excluded periods set forth in Rule 8.4 below." Az.R.Crim.P. 8.2(a) (1973).

Two hundred and twenty days elapsed from the issuance of the warrant for appellant's arrest until the date of trial. In response to appellant's claim, the state contends that, even assuming that the rule was violated, appellant waived any objection by failing to raise the issue within twenty days prior to trial. The applicable rule in effect at the time of appellant's trial provided:

> "All motions specified in the omnibus hearing form shall be made at or before an omnibus hearing. Any other motion, defense, objection or request which is capable of determination without the trial of the general issue shall, whenever possible, be made at or before an omnibus hearing, but, in any event, no later than 20 days prior to the date set for trial. Lack of jurisdiction may be raised at any time." Az.R.Crim.P. 16.1(b) (1973).

It is well established that the right to a speedy trial is a personal right of defendant and is deemed waived unless it is timely. See *King v. State*, 23 Ariz. 49, 201 P. 99 (1921); *State v. Adair*, 106 Ariz. 58, 470 P.2d 671 (1970) ["The right to a speedy trial may, however, like other constitutionally protected rights, be waived. Generally, the right to a speedy trial is waived unless it is promptly asserted."];

ABA Standards Relating to Speedy Trial § 4.1 (Approved Draft, 1968) ["Speedy trial is a personal right of the defendant and thus the right is deemed waived if not properly asserted. The requirement that the defendant move for a dismissal prior to trial or plea of guilty apparently is the view now taken in all states."]; Annot., 57 A.L.R.2d 302, 336, 343 (1958). The question before this court is when is the motion for dismissal timely.[1]

■ The 1973 Rules of Criminal Procedure provided that any motion, defense, objection or request not timely raised under Rule 16.1(b) was precluded. Rule 16.-1(c) (1973), Arizona Rules of Criminal Procedure. The comments to the 1973 rules state that while the rules followed the general direction of the proposed amendments to Federal Rules of Criminal Procedure 12(d) (Preliminary Draft, January, 1970), Rule 16 is far more comprehensive, covering *all* motions which can be made and determined before trial.

The foregoing authorities show that the right to a speedy trial may be waived if not timely asserted. Further, a motion to dismiss for a violation of the speedy trial rule where the time limits have elapsed prior to trial is certainly a "motion which can be made and determined before trial." Accordingly, where time limits have expired, any objection to the violation of the speedy trial is deemed to be waived unless it is raised at least 20 days before trial.

In the current case, according to appellant, the time limit provided by the rules expired October 4. With the trial eventually being held on December 13, he had ample opportunity to raise the speedy trial violation 20 days prior to trial. Nonetheless, he did not object to this violation until the jury had been called, the witnesses assembled, and the state ready to proceed. We feel that a defendant should not be permitted to wait until the state has expended considerable effort and tax dollars to make a motion that was ripe for prior determination.

Further, we note that in the interim between the date appellant now claims he should have been tried and the date of trial, the court conducted an omnibus hearing and a hearing on appellant's motion to remand to the Justice of the Peace Court for a new determination of probable cause. Assuming appellant's motion was valid and appellant made a timely motion, those hearings would not have been conducted and considerable time and money could have been saved.

The comments to the ABA Standards Relating to Discovery and Procedure Before Trial § 5.3 (Approved Draft, 1970) states that "a failure to raise any issue which is then ripe for decision, from the standpoint of available information, should be considered a waiver of such issue. This provision is a critical part of the procedural design of this report, which has as a pervasive purpose (see especially subsection 1.1(a)(iv) the reduction of unnecessary and repetitious hearings and trials." The current case clearly shows the wisdom of such a policy in requiring a timely objection.

Appellant claims that a violation of the Arizona speedy trial rules is a denial of his "constitutional rights" and therefore should not be covered by rule 16.1(b). This claim is without merit. First, the violation which appellant claims is statutory and not constitutional. See *State ex rel Berger v. Superior Court*, 111 Ariz. 335, 529 P.2d 686, 690 (1974).

■ If appellant is claiming a federal constitutional violation, he has not shown the necessary prejudice, that he asserted the right prior to the day of trial nor that the length of the delay was unreasonable.

---

1. A motion for dismissal, which is made *after* the time period has elapsed, is to be distinguished from a *demand* for a speedy trial which in the majority of states is a condition precedent to a motion to dismiss. This decision does not pertain to or change the Arizona rule that a defendant need not demand a speedy trial prior to making a motion to dismiss. *Rojas v. Superior Court*, 100 Ariz. 364, 414 P.2d 740 (1966).

See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). In the current case the length of the delay from appellant's arrest to the trial was less than four months. In the absence of a showing of prejudice, we cannot say that this is a denial of appellant's federal constitutional rights.

■ Second, the comments to Rule 16 state that the intent of the new rule is to overrule the holding of *State v. Kananen*, 97 Ariz. 233, 399 P.2d 426 (1965), in which the Arizona Supreme Court held that a defendant was not precluded by his failure to make a pretrial suppression motion from objecting to the admission of illegally obtained evidence at trial. Rule 16 is thus applicable to constitutional objections. The ABA Standards Relating to Discovery and Procedure Before Trial (Approved Draft, 1970) states: "At no time has the Court indicated that an accused is entitled to time his constitutional objections on collateral issues according to his whim."

Finally, in response to the state's Rule 16 argument, appellant claims that the trial court had a duty to dismiss the case on its own motion. However, as had been shown, the right to a speedy trial is a personal right and can be waived by a defendant.

■ The criminal rules in effect at the time of appellant's trial provided that if the court determined that a time limit has been violated, "It *may* on motion of the defendant, or on its own initiative, dismiss the prosecution with prejudice." [Emphasis added] Az.R.Crim.P. 8.6 (1973). This language indicates that the decision whether to dismiss the action on its own initiative is in the *discretion* of the trial court.

We are aware that our Supreme Court in *State ex rel Berger, supra* (which was decided after the trial in the current case), ruled that the trial court *must* dismiss the prosecution on the motion of the defendant if the time limits were violated.

The 1975 Rules of Criminal Procedure promulgated by our Supreme Court provide:

"*Denial of Speedy Trial.*

*Violations.* If the court determines after considering the exclusions of Rule 8.4, that a time limit established by Rules 8.2(a), 8.2(c), 8.2(d), 8.3(a), 8.3(b)(2), or 8.3(b)(3) has been violated, it *shall* on motion of the defendant, or *on its own initiative*, dismiss the prosecution with or without prejudice." Az.R.Crim.P. 8.6 (1975).

[Emphasis added].

The comment to this rule simply cites *Berger*.

■ We do not read this rule as requiring the trial court to search out possible time violations on its own initiative for this would place an undue burden on the trial court. It is unreasonable to require reversal when the trial court does not perform a function which properly belongs to defendant's counsel. The comment to the draft of the original rules stated "The committee's intention is to advise trial judges of their duty to protect the public interest by dismissing delay prosecutions; however, failure of the court to so act upon its own initiative should not be grounds for reversal of a conviction. *State v. Crank*, 13 Ariz.App. 587, 480 P.2d 8 (1971)." Arizona Proposed Rules of Criminal Procedure (July 15, 1972). We do not think that the 1975 rules intended to abolish this policy consideration and require the trial court to make its own determination before every trial.

Second, the 1975 rules were not in effect at the time of the trial in the current case. *Berger* only discusses the case where the defendant makes a timely motion; thus, there is nothing in *Berger* to indicate that under the August, 1973 rules the trial court *must* dismiss the action on its own initiative.

■ Finally, both the 1973 and 1975 rules provide that prior to dismissal the

court must determine that a violation of the speedy trial rule has occurred. The determination by the court that a violation has occurred is a condition precedent to dismissal. No such determination was made in the current case. In fact, the prosecutor stated that he was prepared to present evidence to show that appellant could not be arrested and that the time between the issuance of the warrant and appellant's arrest was an excluded period. If this time is excluded, appellant was brought to trial within the time limits. Neither the 1973 nor the 1975 rules require the court to make this determination on its own motion. Since a determination was not made, the court was not required to dismiss the action.

■ For the foregoing reasons we hold that a defendant must move to dismiss no later than 20 dyas prior to trial when the issue is ripe for determination or be deemed to have waived any objection. We do not imply that the trial court has no authority to hear a motion to dismiss that was not raised timely. Rule 8.6 gives the trial court discretion to dismiss the action and we do not infringe upon that authority by this opinion. Because of Arizona's "no demand" rule, it is arguable that a motion for dismissal need not be made until the claim has reached factual fruition. *Rojas v. Superior Court of Maricopa County*, 100 Ariz. 364, 414 P.2d 740 (1966). Accordingly, it could be argued that if the speedy trial limits have not yet been violated 20 days prior to trial, they need not be raised at that time. However, upon actual violation of the speedy trial limits, we feel that the defendant should make a prompt objection to the violation or be considered to have waived that objection.

In view of our new rules of criminal procedure and the line of cases developing in this area of speedy trial time limits, we believe our Arizona Supreme Court may wish in the future to re-evaluate the "no demand" rule. See *State v. Harris*, Ariz., 541 P.2d 402 (filed October 20, 1975).

For his second ground on appeal, appellant claims that the trial court committed reversible error by admitting into evidence testimony concerning two other alleged incidents involving appellant. In order to determine whether an error occurred it is necessary to review the facts of this case. In so doing we must construe the evidence in the light most favorable to upholding the trial court's verdict. *State v. Harris*, 9 Ariz.App. 288, 451 P.2d 646 (1969).

On March 4, 1974, appellant entered a small flower shop just before 12:00 noon. Almost immediately after appellant entered, an aquaintance of appellant entered the store. Appellant had been riding with this acquaintance all morning and had come to the shop with him. Appellant went toward the back of the store where an employee, Mrs. Wheeler, was working. Appellant asked Mrs. Wheeler about the price of an item in the front of the store. The safe in the back of the store was left open while Mrs. Wheeler went to wait on appellant. After telling appellant that she did not know the price of that item and would have to determine it, Mrs. Wheeler began to walk toward the back. Appellant then asked her about the price of some other items and repeatedly asked prices of items as she walked toward the back of the store. When Mrs. Wheeler got to the rear of the store she saw appellant's acquaintance standing at the safe, holding money. Mrs. Wheeler then went to get another employee who was working in the back of the store. When the two employees returned appellant and his acquaintance left the store. An inspection of the safe indicated that money was missing. Mrs. Wheeler called the police while the other employee obtained the license number of the car in which appellant and his acquaintance drove away.

Appellant was arrested later that day and identified by both employees. Appellant told police officers that he had been with the person who committed the theft but did not know anything about the theft

itself. In order to show appellant's intent in decoying Mrs. Wheeler while the theft was being committed, the state, over appellant's objections, introduced two other thefts at which appellant was present and decoyed an employee while a theft occurred.

The first incident occurred during the last part of January, 1974. Around lunchtime, appellant and two other men entered the office of KUPD Radio through the back door. Appellant requested a job application and the only employee in the room took him to another office where the applications were kept. Appellant questioned this employee about the kind of job he should apply for. When the employee left appellant, the second man who had entered with appellant stopped the employee in the hall and asked her about the posters on the door. When the employee finally entered her office, she discovered that $18 was missing from her wallet. Although the police were called and questioned appellant, appellant was released.

The second incident occurred on August 26, 1974. About 11:00 a. m. appellant and two other men entered a small fabric store in Phoenix and asked about fabric. While the owners of the store, the only two other people present, were occupied in the front of the store with appellant, $110 was stolen from the owner's wallet in the back of the store.

 The general rule in Arizona is that other specific crimes and bad acts committed by the accused should not be admitted into evidence. However, the state is permitted to introduce similar acts or incidents in order to show appellant's intent and to prove that the act for which appellant is on trial was not inadvertent or by mistake. Udall, *Evidence* § 115 (1960). Such evidence of similar acts or incidents if of particular importance in a "till tapping" case such as the current one. In such cases it is particularly difficult to establish guilt on the part of the decoy. While the individual who does the "tapping" may be caught, the decoy can always

claim that he did not know of his companion's intention. Proof of this mental state is always difficult and almost invariably proof of this subject must be circumstantial in nature. Consequently, in till tapping cases, our courts have permitted evidence of similar incidents to be admitted.

In *State v. Hernandez*, 7 Ariz.App. 200, 437 P.2d 952 (1968), the defendant drove an automobile belonging to another person into a service station. While the attendant was servicing the car, another party stole a cash register which was located in the station's office. The car driven by appellant was later identified as being used in transporting the stolen register.

At trial, the state introduced evidence that 34 days prior to the incident the defendant drove the same automobile into another gas station and asked to have his oil checked. While the attendant was servicing the car, some person ran into the office and stole money from the cash register. The appellate court held that this evidence was admissible. It concluded:

> "In determining whether the defendant's conduct on this occasion was witting or unwitting, it is our view that the incident at the other service station is of some assistance to reasonable men in reaching a conclusion. That the one 'assist' may have been accidental would be a likely possibility, but that two such instances were coincidental is substantially less likely." 437 P.2d at 955.

Likewise, in the current case, while appellant might have unwittingly been on the premises in one such incident, the likelihood that two other incidents were also unwitting is unlikely. See also *State v. Chaney*, 5 Ariz.App. 530, 428 P.2d 1004 (1967).

 In the current case there are striking similarities between the three incidents. First, all three incidents involved the burglary of small business establishments which had few employees. Second, all were approached by appellant and his acquaintances around the lunch hour.

Third, in all of the incidents the employee was drawn to another location in the establishment by appellant while another party took the money. Fourth, in each case the thief took only money and did not take any merchandise or the wallet in which the money was kept. Fifth, all three incidents occurred within a span of seven months. Appellant claims that the gap of almost five months between the fabric store incident and the crime in the current case destroys the probative value of any similarity between the two incidents. We feel that five months is a relatively short period of time and does not rob the incident of its probative value. See *State v. Morgan,* 207 Kan. 581, 485 P.2d 1371 (1971) (lapse of two years upheld).

In light of the similarities between these incidents, we feel that the evidence is probative in determining appellant's guilt and was properly admitted.

■ Appellant claimed that in order to admit proof of another crime the evidence of the crime and its commission by appellant must be established by "substantial evidence sufficient to take the case to the jury." Assuming that this is the test to be applied (See *State v. Hughes,* 102 Ariz. 118, 426 P.2d 386 (1967)), this standard is met in the current case.

■ The existence of these three similar incidents support one another and rebut defendant's claim that he unintentionally decoyed the employee. As has been shown, one incident alone might not constitute a sufficient case against appellant, but the existence of three such similar incidents is sufficient for the jury to find that appellant was not innocent in his actions.

The identical question was presented in *Hernandez, supra.* In that case, the court concluded:

"Taking these two offenses together, we believe they forge a chain of circumstantial evidence sufficient to meet the test laid down by our Supreme Court that the evidence must not only be indicative of guilt but must be inconsistent with ev-

ery reasonable hypothesis of innocence. *State v. Hughes,* 102 Ariz. at 123, 426 P.2d at 391 (1967). The proof of the two incidents reinforce one another and in this way comply with the rule of *Hughes* that the evidence of the other conduct, criminal in nature, must be sufficient to go to a jury. (426 P.2d at 391.) We believe it is implicit in *Hughes* that this may be done. Were it otherwise, then the defendant could have been identified as the 'customer' who 'accidentally' made possible one hundred different 'till tappings,' and he could be convicted of none, because standing alone there would not be sufficient evidence as to any one incident to prove a case beyond reasonable doubt. We do not construe the *Hughes* decision to mandate such a result." (Footnote missing.)

We find this reasoning to be persuasive and applicable and applicable to the current case.

■ Appellant further contends that the incident at the fabric store occurred after the crime charged and should not be admitted. This contention is incorrect where the other incident is admitted to show the intent of the defendant. See Udall, *Evidence* § 115 (1960); *State v. DeVinney,* 98 Ariz. 273, 403 P.2d 921 (1965).

■ Intent may be established by subsequent acts because it is based on the idea that similar results do not usually occur through abnormal causes and that a recurrence of a particular act similarly tends to negate accident, inadvertence or other innocent mental state. See *State v. Hays,* 17 Ariz.App. 202, 496 P.2d 628 (1972).

Appellant's final grounds for appeal are that the court erred in denying his motion for a directed verdict. However, appellant admitted that he knew the thief. In fact, appellant had spent the morning with the thief and had come to the flower show with him. There is no question that the theft could not have occurred but for ap-

**228**

pellant's decoying the employee. The sole question is whether appellant was acting in concert with the thief in his actions. We feel that the existence of two similar incidents where appellant apparently acted as a decoy while a store's till was being tapped sufficiently establishes that appellant was not an innocent bystander in the current theft.

Judgment affirmed.

DONOFRIO and FROEB, JJ., concur.